THE STATE OF FLORIDA *ex rel.*, HARRY A. DENMAN, *Relator*,
v. FRANK BROWN, CLERK OF THE CIRCUIT COURT IN AND
FOR DUVAL COUNTY, FLORIDA, *Respondent*.

Opinion Filed March 9, 1922.

Where an alternative writ of mandamus commands a clerk of
the Circuit Court to "certify" a transcript of record pre-
pared by counsel and submitted to the clerk for authentica-
tion under Chapter 8482, Acts of 1921, and the answer to the
writ avers in effect that the transcript presented for au-
thentication, is materially incorrect in numerous stated par-
ticulars, a demurrer to the answer will be overruled.

Demurrer overruled.

*Gibbons & McGarry*, for Relator;

*Cockrell & Cockrell*, for Respondent.

ELLIS, J.—The question which was probably sought to
be presented by the petition and alternative writ of man-
damus, answer and demurrer in these proceedings, is
whether the clerk of a circuit court may be required under
the provisions of Chapter 8482, Acts of Florida, 1921, to
certify to a transcript of the record in a cause pending in
the court of which he is the clerk, for the compensation
provided by the act, where the transcript is prepared by
the attorney demanding such transcript or some unofficial
person whom he employs to prepare it.

What the alternative writ actually commands the clerk
to do is to "certify and cause" the original record to be
"filed in this court as in said Act provided." Assuming
that the word "original" as used in the writ has the same
meaning which the word has as used in the act, viz.: the

first or ribbon copy of the record, the clerk is required to certify and cause to be filed in this court the first or ribbon copy of the record as prepared by the attorney applying for the same under the circumstances as set out in the alternative writ.

In the first place the Act mentioned does not require the clerk to cause such certified copy of the transcript of the record to be filed in the Supreme Court. So the writ requires the respondent to perform a service which the act does not require him to perform. But passing this point and assuming that the writ requires the clerk to do no more than the act requires and that the petition stated a *prima facie* case against the respondent of a refusal to perform a ministerial duty which he under the circumstances owed to the relator. The question presented by the demurrer to the respondent's answer is first: whether under the circumstances averred in the answer the clerk may be required to certify the transcript which the appellant's counsel caused to be prepared; secondly, whether the act is a valid exercise of legislative power.

Upon the first proposition I am of the opinion that the answer is a complete defense to the *prima facie* case made by the alternative writ. Assuming that the alternative writ sufficiently alleges that the document to which appellant's counsel, in the case appealed, required the clerk to certify, was a correct copy of the record in the cause appealed, the answer definitely denies the allegation. It is averred that in the document presented there were thirty-two inaccuracies or omissions on as many different pages of the so called transcript; that in one instance all the writing "on one page of the original was omitted from the so called transcript;" that there were inaccuracies in some of the recitals, departures from the prescribed method

of making a transcript and in "the date of a record there was a further mis-statement." The act does not require the clerk to compare and verify the transcript when it is prepared by another, but only that it is to be certified by him when it has been "compared and verified." To verify is to make certain by comparison, but that duty does not devolve upon the clerk, his certificate is to be made only when a transcript of the record is presented to him or when he prepares it. When a document is presented which is not a transcript of the record, that is to say an accurate copy, no duty devolves upon him to attach his certificate that it is what it is not. If the act contemplated such a thing it would be a legislative monstrosity. It would be a blow at the integrity of the courts. It would open the door to the perpetration of frauds upon the judicial system of the State that would destroy confidence in it.

So it is manifest that no such interpretation can be placed upon the language of the act. Its purpose can in reason be none other than to require of the clerk his certification only when the document prepared by another is a transcript of the record, that is to say when it is an exact copy of the original upon file in his office. He is not required by the act to correct errors, supply omissions, point out inaccuracies, in short to reconstruct the document and by such rewritings, interlineations and other necessary corrections make the document presented to him a transcript of the record and then attach his certificate thereto. He attaches his certificate and the seal of the court to a document, under his oath as an officer of the law. Therefore when he is called upon to certify that a paper is a copy of an original on file in his office he must compare the paper writing with the original and if he finds one error however slight; the misspelling of a word,

the omission of a date, transposed figures, a misplaced punctuation point, he may and it is his duty under his oath of office to decline the certification of the paper.

He may if he desires to do so correct the errors, supply the omissions, reconstruct the document, compare it with the original in the presence of the attorney, turn over to the latter the working force of the office, suspend business until the document is a completed transcript. but he is not required by the act to do so. And the power exists in no court to compel him to do so for the compensation prescribed by the act.

The consttiutional questions involving the validity of the act although serious need not be decided because in this case it is unnecessary to do so. In many decisions this court has held that where it is unnecessary to the determination of a cause a constitutional question involving the validity of an act of the legislature will not be considered. See State *ex rel.* Russo v. Parker, 57 Fla. 170, 49 South. Rep. 124; State *ex rel.* Morgan v. Louisville & N. R. Co., 51 Fla. 311, 40 South. Rep. 885.

The demurrer of the relator admitted the averments of the answer well pleaded. The burden is not upon the respondent nor does good pleading require him to point out the particular or particulars in which the document presented for his certification was incorrect.

I think the demurrer should be overruled.

BROWNE, C. J., AND TAYLOR, J., concur in conclusion, because we consider the act unconstitutional, as its main purpose is to fix and regulate the fees of Circuit Court Clerks in certain matters, and this object or subject is not expressed or foreshadowed in the title.

WEST, J.—Concurring.

My view in this case is that the answer sets up and the demurrer admits sufficient defects in the transcript of the record, as pointed out in the opinion, to warrant the clerk's refusal to certify it, and I therefore concur in the conclusion reached. It is of course true that the construction and meaning of a pleading, a contract or other instrument involved in litigation and presented for interpretation may depend upon its punctuation and it may be vital to an intelligent consideration of the case by an appellate court that such instrument be precisely reproduced in every detail in the transcript, but it seems to me hardly necessary to say now that if the clerk finds that the attorney or person preparing the transcript of the record has omitted to dot an ''i'' or has misplaced a comma, he will likewise be justified in refusing to certify the record, since the defects pointed out in this case are much more patently material than these.

WHITFIELD, J., concurs in this opinion.