STATE OF FLORIDA *ex rel* GIOCOMO RUSSO, *Plaintiff in Error,* v. W. .L. PARKER *et al.,* COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, *Defendants in Error.*

MANDAMUS—CONSTITUTIONAL LAW—CARRYING ARMS BY LICENSE.

1.  If sections 3267 and 3268 of the General Statutes of 1906, the one making it a misdemeanor to carry or have in one's possession any pistol or winchester or other repeating rifle without having a license from the County Commissioners, the other providing for the grant of such license by the Commissioners, are not unconstitutional and void as being in conflict with section twenty (20) of the Declaration of Rights in our organic law, then an answer by the Commissioners to an alternative writ of mandamus instituted to coerce the granting of such a license, to the effect that the applicant for such license was unknown to them, and that the witnesses produced by him as to his good moral character were also unknown to them and that they had not been made satisfied of the applicant's good moral character, furnishes a conclusive defense to such mandamus, and the court in such a case is right in dismissing the mandamus proceeding. On the other hand if said two sections of the law are unconstitutional and void, then mandamus will not lie to compel the performance of an act required to be performed by a void law.

State *ex rel* Russo v. Parker, *et al.,*—Opinion of Court.

2. Where a court can effectually and properly dispose of a case without passing upon the constitutionality of a statute involved, it is its duty to do so.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. P. Baya,* for Plaintiff in Error;

*Donald C. McMullen,* for Defendants in Error.

TAYLOR, J.—The relator, Giocomo Russo, instituted mandamus in the Circuit Court of Hillsborough county against the defendants in error as County Commisioners of said county to compel them to issue to him a permit to bear or carry on his person a pistol.  The alternative writ alleges that he had complied with the provisions of Section 3268 of the General Statutes in applying for such permit but the same had been refused.

The respondents answered the alternative writ incorporating in said answer a demurrer to the writ.  The answer alleges that it has been the custom and policy of the respondents as a board to refuse such permits unless the applicant was known to them to be a person of good moral character, and that some reason existed for such person to carry a pistol, and that the relator applicant here was unknown to them, and that the only evidence of his good moral character that was present to the respondents was the affidavit of Lorenzo Fucarino and Nicolo Arcuri, both of whom were unknown to respondents,

and that they had no reason to believe that it was necessary that said relator should carry a pistol. The demurrer contained in said answer was upon the grounds:

1st. That the provisions of the constitution entitling the people to bear arms does not authorize an individual to carry a pistol or revolver.

2nd. That section 3268 of the General Statutes of Florida, under which the right to a permit to carry a pistol is claimed, is not mandatory upon the Board of County Commissioners.

3d. Because said petitioner has failed to show any right to have said permit issued.

Upon argument the court below sustained this demurrer and dismissed the writ, and to review this judgment the relator below brings the case here by writ of error.

Section 3267 of the General Statutes of 1906 makes it a misdemeanor for any person to carry around with him, or to have in his manual possession in this State any pistol, Winchester or other repeating rifle, without having a license from the county commissioners.

Section 3266 of said statutes provides as follows: "The county commissioners of the respective counties of this State may at any regular or special meeting grant a license to carry a pistol, Winchester or other repeating rifle, only to such persons as are over the age of twenty-one years and of good moral character, for a period of two years, upon such person giving a bond payable to the Governor of the State of Florida in the sum of one hundred dollars, conditioned for the proper and legitimate use of said weapons, with sureties to be approved by the said county commissioners.

It becomes unnecessary, and therefore it would be improper, for us in this case to express any opinion as to

the constitutionality of these two provisions of our statutes. If they are constitutional then the answer of the respondents in this case sets up a conclusive defense to the alternative writ wherein they alleged in substance that they refused such permit because they were not satisfied from the proofs offered by the applicant that he was a person of good moral character, and for this reason the Circuit Judge did not err in dismissing the writ. As to the propriety of the judge's ruling on the demurrer contained in said answer we express no opinion. On the other hand should we hold that said provisions of our statute were unconstitutional and void, then there would remain no authority in the county commissioners to issue a permit to any one in such cases, and the relator's mandamus to compel them to do so would have to fail.

The judgment of the Circuit Court in said cause is hereby affirmed, at the cost of the relator.

All concur, except Parkhill, J., absent on acount of illness.