J. S. SNOWDEN, *Plaintiff in Error*, v. J. P. BROWN, SHERIFF, *Defendant in Error*.

1. Section 3 of Chapter 5973 is in conflict with the provision of Section 20 of Article III of the State Constitution that "the legislature shall not pass special or local laws * * * for the punishment of crime or misdemeanor," and is not authorized by any other provision of the organic law. Such section 3 is inoperative and a sentence imposed under it is void.

2. The legislature may enact special or local laws within its discretion for the protection of fish or game in this State, and by valid general laws may prescribe punishments and penalties for violations of the special or local laws.

3. In construing and applying a statute, the main object is to effectuate the valid legislative intent. The language and purpose of a statute should be considered in ascertaining the legislative intent as to the subject matter upon which the law is to operate.

4. Statutes prescribing punishments and penalties should not be extended further than their terms reasonably justify.

5. The terms of Chapter 5920 do not justify its extension to Chapter 5973.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Brevard County.

The facts in the case are stated in the opinion of the court.

*Frank W. Pope*, for Plaintiff in Error.

*Park Trammell*, Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error presented to the circuit court a petition alleging his illegal detention

by the sheriff of Brevard county, Florida, under a commitment issued by the county judge of Brevard county, upon a conviction of petitioner for a violation of chapter 5973, Laws of Florida, by fishing with a haul seine or dragnet in the waters of Indian River, less than twenty miles west of the Atlantic Ocean, the sentence being a fine of fifty dollars or one month's imprisonment.

The illegality alleged is that the statute under which the sentence was imposed is unconstitutional. Petitioner was remanded and a writ of error allowed him by the circuit judge.

The statute is as follows:

"Chapter 5973

An act to prohibit the catching and taking of fish with haul seines or drag nets, and to prohibit the use of haul seines or drag nets in all of the salt and fresh waters of the counties of Brevard, St. Lucie, Palm Beach and Dade, situated within twenty miles west of the Atlantic coast, and north of the waters of Biscayne bay, and to fix the penalty for the violation thereof, and to provide for the seizure and destruction of all haul seines and drag nets used in violation of this act.

*Be it enacted by the legislature of the State of Florida:*

Section 1. It shall be unlawful for any person, firm or corporation to take or catch any fish with haul seines or drag nets in any or all of the salt or fresh waters of the counties of Brevard, St. Lucie, Palm Beach and Dade, situated within twenty miles west of the Atlantic coast and north of Biscayne bay, in Dade county.

Sec. 2. It shall be unlawful for any person, firm or corporation to use, set, put, float, drag or maintain any haul

seine or drag net in any of the waters described in Section 1 of this act.

Sec. 3. Any person, firm or corporation violating any of the provisions of sections 1 and 2 of this act shall be punished by a fine of not less than fifty dollars and not to exceed five hundred dollars, or by imprisonment in the county jail for not less than one month and not to exceed six months, or by both such fine and imprisonment.

Sec. 4. Any haul seine or drag net, set, put, floated, had, found or maintained in or upon any of the waters described in section 1 of this act is hereby declared to be and is a public nuisance, and may be abated and summarily destroyed by any person, and it is hereby made the duty of each and every sheriff and game warden of Brevard, St. Lucie, Palm Beach and Dade counties to seize, and remove, and forthwith destroy the same; and no action for damages shall lie or be maintained against any person for or on account of any such seizure and destruction.

Sec. 5. This act shall go into effect immediately upon its passage and approval by the Governor.

Approved May 17, 1909."

The insistence is that section three of this quoted act should be regarded as eliminated because it is in conflict with the provision of section 20 of Article III of the constitution that "the legislature shall not pass special or local laws  *  *  *  for the punishment of crime or misdemeanor," and that there being no applicable penalty provided by statute the fine and alternative imprisonment imposed by the trial court is not authorized by law and is illegal and void.

If the sentence is not authorized by a valid statute, the petitioner should be discharged.

Section three of chapter 5973 is a local or special law and provides a punishment for the unlawful acts or

offences defined in sections one and two of the act, which offences if punished by fines and imprisonment in the county jail, or both, are crimes and misdemeanors. Section three being a local law providing a punishment for such crimes and misdemeanors conflicts with the quoted provision of the constitution and will not be enforced by the courts, unless it is authorized by some other provision of the constitution.

Section 24 of Article III of the constitution provides that "The legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith." This section of the organic law relates to county government, and the protection of fish or game is not so essentially a feature of county government as to make section 24 applicable to chapter 5973, which is designed to protect fish in the waters of the whole of or such parts of four counties as are located within twenty miles of the Atlantic ocean, even if section 24 of the constitution above quoted was intended to authorize the passage of special or local laws to punish crimes or misdemeanors defined and designated to make effective provisions relating to county government, where such special or local laws are expressly forbidden by section 20 of Article III of the constitution. Being expressly forbidden by section 20 of Article III local or special laws for the punishment of crimes or misdemeanors are not authorized by any other provision of the constitution.

Regarding section three of Chapter 5973 as being unconstitutional and eliminated, the other sections of the statute may not be thereby rendered inoperative if there is a statutory penalty that is applicable to the acts specified in sections one and two.

The legislature may enact special or local laws within its discretion for the protection of fish or game in this State, and by valid general laws may prescribe punishments and penalties for violations of the special or local laws. Harper v. Galloway, 58 Fla., 255, 51 South. Rep., 226, 26 L. R. A. (N. S.) 794.

At the same session that chapter 5973 was passed but at a subsequent day chapter 5920 was enacted as follows:

"Chapter 5920.

An act prescribing punishment for the commission of misdemeanors in this State, when not otherwise provided by statute.

*Be it enacted by the legislature of the State of Florida:*

Section 1. The punishment for commission of misdemeanors in this State, when not otherwise provided by statute, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days, or both, at the discretion of the court.

Sec. 2. This act shall take effect immediately upon its passage and approval by the Governor.

Approved June 4, 1909."

It is contended for the State that chapter 5920 authorizes the sentence under which the petitioner is held.

In construing and applying a statute, the main object is to effectuate the valid legislative intent. The language and purpose of a statute should be considered in ascertaining the legislative intent as to the subject matter upon which the law is to operate.

The restrictive and abstract language used and the purpose expressed in chapter 5920 do not disclose a legis-

lative intent that the Act shall supersede section three of chapter 5973, or an intent to make the penalty prescribed apply to such Acts as chapter 5973. Both the title and the body of the Act limit the subject regulated to "the punishment for the commission of misdemeanors in this State, when not otherwise provided by statute." If the intention was to cover such Acts as chapter 5973 when the penalty provided therein may be ineffectual because of constitutional provisions, more definite and appropriate though general language could have been used. A punishment is "otherwise provided by statute" in chapter 5973, though the provision be invalid, and said chapter does not in terms make a violation of its provisions a misdemeanor. Statutes prescribing punishments and penalties should not be extended further than their terms reasonably justify. The terms of chapter 5920 do not justify its extension to chapter 5973.

As section 3 of chapter 5973 is inoperative because it is in conflict with section 20 of Article III of the constitution, and as the sentence imposed on the plaintiff in error is not authorized by any other statute, the sentence is void.

The judgment is reversed with directions to discharge the petitioner.

COCKRELL and PARKHILL, J. J., dissenting.

PARKHILL, J.

I think the sentence imposed on the plaintiff in error is authorized by chapter 5920, Acts of 1909, as section 3 of Chapter 5973 becomes inoperative as being contrary to the constitution.

The crime denounced by chapter 5973 is a misdemeanor. To make it a misdemeanor, it is not essential that it be

so termed or called by the statute. In its usual acceptation, the term misdemeanor is applied to all those crimes and offences for which the law has not provided a particular name. The word is generally used in contradistinction to felony. Bouvier's Law Dict., 419. And so, it is provided by section 3176 of the General Statutes of 1906: "Any crime punishable by death, or imprisonment in the State prison, is a felony, and no other crime shall be so considered. Every offence is a misdemeanor." Section 3174 of the General Statutes of 1906: "The word 'crimes' shall include all misdemeanors." When it is made unlawful to do the things mentioned in chapter 5973, Acts of 1909, even if no punishment is prescribed by said chapter for a violation thereof, a violation of that statute becomes a misdemeanor and may be punished under the provisions of chapter 5920, Acts of 1909.