J. M. STINSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1.  The legislature may enact special or local laws within its discretion for the protection of fish or game in this State, and by valid general laws may prescribe punishment and penalties for violations of the special or local laws.

2.  After an adjudication that Section 3 of Chapter 5973, Acts of 1909, is invalid, sections 1 and 2 of the Chapter, remained in force declaring certain acts to be unlawful.

3.  Sections 1 and 2 of Chapter 5973, Acts of 1909, do not unlawfully discriminate against persons or deny to any person the equal protection of the laws.

4.  Sections 1 and 2 of Chapter 5973, Acts of 1909, are not void for uncertainty in the description of the territory covered by the regulation.

5.  The constitutionality of a provision of a statute cannot be tested by a party whose rights or duties are not affected by it, unless the provision is of such a nature that it renders invalid a provision of the statute that does affect the party's rights or duties.

6.  Where a person is charged with taking fish "in Indian River," in violation of a statute regulating the taking of fish "in any or all of the salt or fresh waters of the counties of" B., S. &c., such charge is not the basis for a contention that the statute is invalid because it conflicts with the right to fish in one's own fresh water pond.

7.  Sections 1 and 2 of Chapter 5973, Acts of 1909, being existing valid laws, the enactment of Chapter 6222, Acts of 1911, a general law, provides a valid punishment for violation of the first named sections, without referring to them, or specifically to Chapter 5973.

Writ of Error to the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*Pope & Penny,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—Stinson was arrested upon a warrant issued by the County Judge of St. Lucie County charging a violation by him on October 9, 1911, of Section 1 of Chapter 5973 Acts of 1909, by unlawfully taking fish with a haul seine in the waters of St. Lucie County, to-wit: in Indian River, said river being salt water and situated within twenty miles west of the Atlantic coast and north of Biscayne Bay. On *habeas corpus* proceedings before the Circuit Judge the accused was remanded to the custody of the sheriff. A writ of error was allowed and taken and it is contended here that Chapter 5973 is unconstitutional because (1) it denies to the citizens of Florida the equal protection of the laws; (2) it is in conflict with section 1, of the Declaration of Rights of the State Constitution; (3) it violates sections 16, 20 and 21 of Article 3 of the constitution.

The legislature may enact special or local laws within its discretion for the protection of fish or game in this State, and by valid general laws may prescribe punishments and penalties for violations of the special or local laws. Snowden v. Brown, 60 Fla. 212, 53 South. Rep. 548; Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226.

Section 3 of Chapter 5973 was declared to be inoperative in Snowden v. Brown, *supra*; but this holding did not render ineffectual as a valid law sections 1 and 2

of the act declaring stated things to be unlawful, even though there was no lawful punishment provided for a violation of the sections. The adjudication that section 3 of Chapter 5973 is invalid did not put sections 1 and 2 of the act in abeyance, but they remained in force declaring the stated acts to be unlawful.

Sections 1 and 2 of Chapter 5973, are as follows:

"Section 1. It shall be unlawful for any person, firm or corporation to take or catch any fish with haul seines or drag nets in any or all of the salt or fresh waters of the counties of Brevard, St. Lucie, Palm Beach, and Dade, situated within twenty miles west of the Atlantic Coast and north of Biscayne Bay, in Dade County.

Sec. 2. It shall be unlawful for any person, firm or corporation to use, set, put, float, drag, or maintain any haul seine or drag net in any of the waters described in Section 1 of this Act."

These sections do not unlawfully discriminate against persons or deny to any person the equal protection of the laws, since such sections are not an unlawful exercise of the power of the State to regulate the taking of fish in the waters of the State, and they do not arbitrarily discriminate against any person. The sections are not void for uncertainty in the description of the territory covered by the regulation.

The constitutionality of a provision of a statute cannot be tested by a party whose rights or duties are not affected by it, unless the provision is of such a nature that it renders invalid a provision of the statute that does affect the party's rights or duties. In this case the petitioner does not show that his rights are affected by section 4 of Chapter 5973, therefore he cannot question the validity of that section when it does not operate

to render invalid sections 1 and 2 of the act that do affect him. It does not appear that sections 1, 2, and 4 are inter-dependent, or that the elimination of section 4 if it be invalid will cause sections 1 and 2 to operate in a manner not contemplated by the legislature, or that sections 1 and 2 would not have been enacted without section 4. See Williams v. Walsh, 222 U. S. 415, — Sup. Ct. Rep ——; Aluminum Co. of America v. Ramsey, 222 U. S. 251, 32 Sup. Ct. Rep. 76; 8 Cyc. 787; Lampasas v. Bell, 180 U. S. 276, 21 Sup. Ct. Rep. 368; State v. Patterson, 50 Fla. 127, 39 South. Rep. 398; Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. Rep. 431; State v. Atlantic Coast Line R. Co., 56 Fla. 617, 47 South. Rep. 969; Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226; El Paso & N. E. Ry. Co. v. Gutierrez, 215 U. S. 87, 54 Sup. Ct. Rep. (Law Ed.) 106.

Stinson is charged with taking fish "in Indian River" in violation of the statute, therefore the record does not raise the question whether sections 1 and 2 of Chapter 5973 are in conflict with the right of a person to catch fish in his own fresh water pond. Likewise the petitioner does not show that he is in any way affected by section 4 of Chapter 5973 and consequently he cannot question its validity, when the legality and effectiveness of sections 1 and 2 under which he is arrested and not affected by the validity or invalidity of section 4 of the act.

Chapter 6222, Acts of 1911, amends Chapter 5920, Acts of 1909, and the act *as amended* is re-enacted and published at length as required by section 16 of Article 3 of the constitution. As a violation of the valid sections of Chapter 5973, is not a felony, it is a misdemeanor. Sections 3174, 3176 Gen. Stats. of 1906.

Sections 1 and 2 of Chapter 5973, Acts of 1909, being existing valid laws, the enactment of Chapter 6222, Acts

of 1911, a general law, provides a valid punishment for violations of the first named sections, without referring to them, or specifically to Chapter 5973.

Chapter 6222, Acts of 1911, is as follows:

"Section 1.' That Section 1 of said Chapter 5920, Laws of Florida, be, and the same is hereby amended to read as follows:

Section 1. The punishment for commision of crimes other than felonies in this State, when not otherwise provided by statute, or when the penalty provided by such statute is ineffectual because of constitutional provisions, or because the same is otherwise illegal or void, shall be a fine not exceeding two hundred dollars or imprisonment not exceeding ninety days, or both, at the discretion of the court.

Sec. 2. That all laws and parts of laws in conflict with this Act, be, and the said are hereby repealed.

Approved June 5, 1911."

This enactment is more comprehensive than Chapter 5920, construed in Snowden v. Brown, *supra*.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.