CAROLINA-FLORIDA PLANTING COMPANY, *Plaintiff in Error*, v. J. N. MAIGE AND T. J. HAWES, *Defendants in Error*.

1. When a case is not within the operation of a statute, the constitutionality of the statute even if questioned, may not be involved in the proper disposition of the case.

2. If a cause can be fully disposed of without adjudicating constitutional questions raised therein, the courts will generally ignore such questions and dispose of the case on other grounds.

3. When a party claims rights under a penal statute, he should show facts bringing him within the terms and purpose of the statute.

Appealed from the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*Fred T. Myers,* for Plaintiff in Error;

*J. A. Edmondson* and *W. C. Hodges,* for Defendants in Error.

WHITFIELD, C. J.—Chapter 3945 Acts of 1889 provides that it "shall be unlawful for any live stock to run at large in" certain portions of Leon County, and that "any person may take up and impound any live stock so running at large." Provision is also made therein for collecting certain sums from the owner of the stock, and for a sale of the stock where payment is not made.

The plaintiff in error found 14 head of cattle belonging to the defendants in error in its hay field, and after impounding them demanded compensation for the impounding. This was refused and in replevin the owners recovered the cattle, the trial judge holding the statute to be unconstitutional.

When a case is not within the operation of a statute, the constitutionality of the statute even if questioned, may not be involved in the proper disposition of the case. If a cause can be fully disposed of without adjudicating constitutional questions raised therein, the courts will generally ignore such questions and dispose of the case on other grounds. Pensacola Electric Co. v. Soderlind, 60 Fla. 164, 53 South. Rep. 722; ex parte Bailey, 39 Fla. 734, 23 South. Rep. 522; State v. Parker, 57 Fla. 170.

If the cattle were not "running at large" within the meaning of the statute, there was no authority to impound them even though the owner of the property trespassed upon may have had his appropriate remedy in due course of law.

The statute was manifestly intended to protect persons and property against depredation and danger arising from stock negligently or designedly permitted to run at large without any effort being made to keep them within proper enclosures, or to recapture them should they escape without the knowledge of the owner or notwithstanding his effort to restrain them.

When a party claims rights under an impounding statute, he should show facts bringing him within the terms and purpose of the statute.

The cattle in this case were pasturing on land that usually is covered by a lake. They were found in the impounder's hay field in the same neighborhood, and the impounder knew the owners and gave them notice the next day. There is nothing to indicate that the owners knew the cattle were at large, or that they had gone upon the impounder's land because of the negligence or design of the owners.

In prescribing a harsh summary remedy the statute evidently designed redress from a negligent or intentional wrong in knowingly or carelessly permitting stock to run at large without any real attempt or purpose to restrain them. A mere accidental or unknown escape of cattle does not make them "running at large" within the statute.

As the facts do not bring the case within the provisions of Chapter 3945 Acts of 1889, the constitutionality of that statute need not be, and is not considered here.

The judgment is affirmed.

SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

TAYLOR, J., not participating.