THE TEXAS COMPANY, A CORPORATION, *Appellant*, v. ERNEST AMOS, AS COMPTROLLER OF THE STATE OF FLORIDA, AND J. P. S. HOUSTON, AS SHERIFF OF LEON COUNTY, FLORIDA, *Appellees*.

Opinion filed March 31, 1919.

1. The license tax imposed by Sec. 46, Chap. 6421, Laws of Florida, upon "Any corporation * * * owning, controlling or operating * * * tank cars" applies only to corporations engaged in the business of owning, controlling or operating such cars.

2   A corporation engaged in producing, buying and selling oils and oil products, which owns and uses tank cars for the sole purpose of transporting its own products, and which ownership is necessitated by the failure of the railroad companies to provide an adequate supply of such cars, can not be said to be engaged in the business of owning tank cars.

3   Laws imposing license taxes and providing a penalty for doing business without a license are penal in their nature and should be strictly construed.

An Appeal from the Circuit Court for Leon County; E. C. Love, Judge.

Order reversed.

*E. C. Maxwell,* for Appellant.

*Van C. Swearingen,* Attorney General, and *Worth W Trammell,* Assistant, for Appellees.

### STATEMENT.

The appellant, the Texas Company, a corporation, which we shall hereinafter refer to as complainant, filed its bill in the Circuit Court of Leon County against the sheriff of said county and the Comptroller of the State praying that they might be enjoined from proceeding further to enforce the collection of a license tax imposed against complainant as owner of tank cars under Section 46, Chapter 6421 of the Laws of Florida.

A demurrer was interposed to the bill, which demurrer was sustained, and complainant not desiring to plead further, suffered a dismissal, and appealed.

The bill alleges, briefly, that complainant is engaged in the business of producing, buying and selling mineral oils and oil products; that it is conducting its said business in various States, including Florida; that in connection with said business and as a means of carrying on the same, it owns and controls a number of tank cars in which its own oils are transported over various railroads to the various selling and distributing stations operated by it. That no other use is made of such cars and the ownership and use thereof in the manner stated is made necessary by the failure of the railroads to furnish an adequate number of tank cars to transport complainant's oil products and that for the furnishing of said cars complainant is allowed but ⅛ of 1% per mile reduction on freight, which is much less than the cost of supplying the cars, and that the total allowance for use of said cars wholly within this State is much less than the tax sought to be collected; that complainant is taxed as a dealer in oils by wholesale and has paid all State, county and municipal license taxes imposed upon it by said chapter as such dealer.

REAVES, Circuit Judge, *after stating the facts.*—The sole question involved here is one of legislative intent. Was it the purpose of the Legislature in the enactment of Chapter 6421, after imposing by Section 38 a license tax upon each place of business of dealer in oils at wholesale, to further impose by Section 46 a tax of $500.00 upon the tank cars owned by such dealer and used exclusively for carrying such oils to the selling stations when the railroad companies fail to furnish enough tank cars to supply the dealer's demand? We think a careful analysis of said Chapter 6421 answers this question in the negative.

It will be noted that the tax is imposed upon the "business" in which one engages, and not otherwise.

Section 1 says: "No persons, firm or corporation shall engage in or manage any business, profession or occupation mentioned in this act" unless a license shall have been procured.

Section 2 imposes a county license "Upon any business, profession or occupation mentioned in this act."

Section 3 provides for the transfer of "business licenses" with the "business for which they were taken out," and Section 40 imposes a penalty upon "Any person, firm or association that shall carry on or conduct any business or profession" for which a license is required without first obtaining a license.

It will be noted that the statute, in Section 1, uses the words "business, profession or occupation," and in Section 40 the words "business or profession." These words are more cumulative than distinctive, and appear to all be comprehended in the word "business."

"Occupation" as commonly understood signifies the business which one principally engages in, and "profession" refers to a character of business not involved in this case, so that we shall confine our further discussion to the one statutory word "business" and try to answer the question, what does the statute mean by the word "business," and does the bill show the complainant not to be engaged in the business of owning or controlling tank cars?

"Business" is a word of large significance and denotes the employment or occupation in which a person is engaged to procure a living. Goddard v. Chafee, 2 Allen (Mass.) 395, 79 Am. Dec. 796.

"The term 'business' as used in a law impoisng a license tax on business, trades, professions and callings, ordinarily means a business in the trade or commercial sense, one carried on with the view of profit or livelihood." Cuzner v. California Club, 155 Cal. 303, 100 Pac. Rep. 868, 20 L. R. A. (N. S.) 1095. In this case the California Court held that "An ordinance merely imposing a license tax upon the business of selling intoxicating liquors" did not include a *bona fide* social club which merely distributed such liquors to its members at a slight advance over the cost, the profit being devoted to the expenses of the institution. Liquor was not sold by the club as a business, but as a part of the social life of the institution.

The word "business" is defined by Webster as "that which occupies the time, attention or labor of man for the purpose of profit or improvement." Trustees of Columbia College, N. Y. v. Lynch, 47 How. Prac. Rep. (N. Y.) 273, text 275.

Testing complainant's bill by these definitions of the word "business," it seems clear that it appears to be not engaged in the business of owning or controlling tank cars.

Not only does the bill specifically allege that complainant's business is that of an oil dealer, and that it owns tank cars only as a means of transporting oils, but other facts alleged show a necessity for such ownership in order to carry on the volume of business it conducts, and to assure a supply of oil products.

The tank cars bring the owner no profit, but on the other hand, transportation of oil by means thereof costs more than to pay the regular freight rates charged by the railroads when using their own cars; they are not

owned as a business, but as a means to the conduct of a business, that of selling oils. No direct pecuniary income is received or expected from such ownership.

While we think the legislative intent clear, if there is doubt it becomes our duty to resolve such doubt in favor of the citizen and against the State.

The statute is penal in its nature and the rule is that penal statutes are to be construed strictly and are never to be extended by implication. Kloss v. Commonwealth, 103 Va. 864, 49 S. E. Rep. 655.

"No man," said the court in Harris v. Commonwealth, 81 Va. 240, 59 Am. Rep. 666, "incurs a penalty unless the act which subjects him to it is clearly within the spirit and the letter of the statute imposing the penalty."

Counsel have cited many cases bearing upon the power to tax a business, and then tax additionally certain elements of such business. Such cases seem to have no application to the case at bar, because the act in question shows no such attempt.

Neither do statutes taxing vehicles using the public roads and streets bear any analogy to this case. There the tax is imposed for the use of the highways—not upon the business.

The order of the Circuit Court sustaining the demurrer and dismissing the bill is reversed with directions to reinstate the cause, overrule the demurrer, and issue the injunction.

BROWNE, C. J. AND TAYLOR AND ELLIS, J. J., concur.

WHITFIELD, J., dissents.

WEST, J., disqualified.

WHITFIELD, J., *dissenting.*—No question of power being involved, the legislative intent should be given effect. The statute imposes license taxes upon all those who engage in or manage any business, profession or occupation, included in the enactment, among them being the business of dealer in illuminating or lubricating oils, at wholesale, and the business of owning, controlling or operating tank cars on or over any railroad in this state. The complainant is engaged in the business of owning tank cars operated on railroads in this state as well as in the business of dealer in oils; and the statute clearly requires a license for each business, though the tank cars are used to transport complainant's oil from point to point in this state as an adjunct to the business of complainant as a licensed dealer in oils in this state.