## A. L. Rogers v. E. C. Cunningham.

158 So. 430.

En Banc.

Opinion Filed December 28, 1934.

*W. B. Dickenson,* for Petitioner;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *C. O. Wright,* for State Road Department, for Respondent.

ELLIS, J.—A. L. Rogers obtained from this Court a writ of habeas corpus and seeks his discharge from custody alleging that he was arrested and is detained by the Sheriff of Pinellas County, E. G. Cunningham, upon a warrant issuing out of the Justice of the Peace Court for that county charging that Rogers, the petitioner, operated on the public highways of Pinellas County "one truck and trailer combined (semi-trailer) which weight did exceed the State law."

A preliminary hearing was held before the Justice of the Peace. Evidence was taken and the Justice of the Peace certified that he found that: "A. L. Rogers is guilty of driving a truck and trailer on the highways of the State of Florida with a load on the trailer in excess of that allowed under the regulations of the State Road Department." The Justice of the Peace ordered that Rogers be "bound over for trial in this court upon the said charge."

The Sheriff's return to the writ of habeas corpus averred that he held Rogers "under and by virtue of commitment issued out of the Justice's Court after preliminary trial of the said A. L. Rogers, ordering him committed pending his trial."

No technical point is made by the petitioner that the charge is indefinite and that his commitment was for an alleged offense not embraced within the language in which the alleged offense is described in the warrant. So no further attention will be paid to that.

All parties seem to desire an opinion from this Court as to whether a truck and trailer such as Rogers drove is within the provisions of the law limiting the weight to be carried by a semi-trailer. The petitioner insists that the type of trailer attached to the truck he drove should not be classed as a semi-trailer.

Section 1280, Compiled General Laws, defines a semi-

trailer as "any two-wheel vehicle coupled to or drawn by any motor vehicle."

The truck driven by the petitioner was a four-wheel truck of three-ton capacity equipped with four pneumatic rubber tires, each of the front tires being seven inches in diameter. The trailer had four wheels, pneumatic tires seven and a half inches in diameter. The four wheels of the trailer are located near or toward the center of the vehicle, instead of one at each of the four corners. The trailer was coupled to the truck in the following manner. The load carrying platform is coupled to a solid pin connection on the truck over or near the rear axle of the truck and not by a loose coupling, thus eliminating the whipping effect usual with such loose couplings.

By the method of connection to the truck by means of a pin over the rear axle of the latter named vehicle safety to those traveling upon the highway is increased, as well as convenience in long hauls and reduction of insurance to protect the public from accidents, and in addition thereto facilities for loading and unloading as the combined vehicle can by use of the truck machinery be placed in position readily for loading and unloading which cannot be so easily done in the case of a trailer fastened to the truck by a loose connection.

Chapter 16085, Laws of Florida 1933, provides that no four-wheel trailer equipped with pneumatic tires shall be operated on a public highway outside the limits of a municipal corporation carrying a load of more than sixteen thousand pounds including the weight of the trailer, while a two-wheel or semi-trailer equipped with such tires is limited to three thousand pounds including the weight of the trailer.

The evidence disclosed that at the time the petitioner was arrested the wheels of the truck was carrying a combined weight of 9100 pounds, made up as follows: left rear wheel,

3200 pounds; right rear wheel, 3100; front wheels each, 1400 pounds. The trailer carried a weight of 15,600 pounds distributed as follows: right and left rear wheels 3800 pounds; each right and left front wheels 4000 pounds each. Total weight of the combined vehicle as thus loaded being 24,700 pounds.

Paragraph 4 of the second division of paragraph C of Section 2 of Chapter 16085, *supra,* provides as follows:

"No motor vehicle, or combination of vehicles, with pneumatic tires, shall be operated on a public highway in this State with a gross weight per vehicle, including the weight of such vehicle, in excess of 16,000 pounds. The maximum gross weight, including weight of vehicle, of any such single vehicle, singly or in combination, shall not exceed 16,000 pounds, unless specific authority has been obtained from the State Road Department, or the Railroad Commission, or unless each vehicle is equipped with vacuum booster brakes, electric brakes, or air brakes, to safeguard the traveling public, at least six tires in contact with the road, and oversize tires of sufficient dimensions to conserve the public highways which will allow an 18,000-pound gross load for such vehicle, provided, however, that trucks with two-wheel trailer attached with pneumatic tires as prescribed in this section shall be allowed a gross weight of 18,000 pounds; such gross load to be packed on such vehicle so as not to exceed 550 pounds per inch of tire. Provided, however, motor buses under the jurisdiction of the Railroad Commission shall be permitted the vehicle weight specified by Chapter 14764, Acts of 1931."

Nothing in the petition, the warrant or the evidence, indicates whether specific authority had been obtained from the State Road Department or the Railroad Commission to operate the type of vehicle described above or whether

either vehicle was equipped with vacuum booster brakes, electric brakes or air brakes.

The truck which the petitioner was driving when arrested seemingly has no provision for carrying a load independently. For purposes of freight transportation the two vehicles together constitute one unit for purposes of freight transportation. It is, of course, possible that the truck could carry freight independently of the attached vehicle by some slight alteration of the body of the truck or by attaching sides or stanchions to prevent the freight from falling off the platform, but the attachment, assuming that it may be detached from the truck, is of no value as an independent carrying unit. In fact the four wheels are so placed that if the unit was detached from the truck the front end of the vehicle would drop to the surface of the road.

The petitioner's contention is that notwithstanding the character of construction of the two vehicles the truck in which the motive power is located is one vehicle and the attachment is another vehicle called a trailer and that it is a four-wheel trailer notwithstanding the four wheels of the vehicle are placed behind its longitudinal center.

Now the statute defines a trailer as a vehicle having four wheels coupled to or drawn by a motor vehicle, and a semi-trailer as such a vehicle having only two wheels.

The State's contention is that the combination vehicle is a truck and semi-trailer. That contention is not sound. A very ingenious and clever argument is made in the brief of the Attorney General and Attorney for the State Road Department in support of their contention but the fallacy which we perceive in the argument is that the statute in the light of the violation of any of its provisions is a criminal statute and should be construed strictly. There can be no constructive offenses. The Legislature and not the court

defines a crime and ordains its punishment. A person accused of crime cannot be convicted unless he is plainly and unmistakably within the statute. See Bradley v. State, 79 Fla. 651, 84 South. Rep. 677; 10 A. L. R. 1129; Whitehurst v. State, 105 Fla. 574, 141 South. Rep. 878.

Statutes prescribing punishment and penalties should not be extended further than their terms reasonably justify. See Snowden v. Brown, 60 Fla. 212, South. Rep. 548.

Such a statute should be construed strictly and according to its letter. Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 South. Rep. 595; Sanford v. State, 75 Fla. 393, 78 South. Rep. 340.

If doubt exists as to the construction of such a statute it is the duty of the court to receive such doubt in favor of the citizens and against the State. Texas Co. v. Amos, 77 Fla. 327, 81 South. Rep. 471; *Ex Parte* Amos, 93 Fla. 5, 112 South. Rep. 289; Washington v. Dowling, 92 Fla. 601, 109 South. Rep. 588.

In the view we have of the statute as applied to the facts of this case there is no need for construction. The words are plain and clear of meaning. It is not only useless but not a function of the court to supply words or omit them from the statute which destroy the generally understood plain meaning of its terms in order to make the statute fit a situation not in the legislative mind at the time the statute was enacted, or type of carrying vehicle not defined by the statute with the nicety of distinction upon which counsel for the State insist.

We express no opinion as to the confusion of words as used in paragraph 4 of the second division of paragraph C of Section 2 of Chapter 16085, *supra,* apparent in the phrase: "The maximum gross weight, including weight of vehicle, of any such single vehicle, *singly* or in *combination,* shall not exceed 16,000 pounds" unless, etc., because

the record does not reveal a state of facts as to the character of brakes with which the vehicle was equipped and counsel for the State in the brief seemingly admit that if the vehicle is considered as a truck and trailer properly equipped is "entitled to a gross load of 34,000 pounds."

It is our view that the vehicle described in this case is a four-wheel vehicle attached to or to be drawn by a truck.

The petitioner is therefore hereby ordered to be discharged from custody.

Davis, C. J., and Whitfield, Terrell, Brown, J. J., concur.