MOSE WATSON v. S. E. STONE, as Sheriff of Volusia County, Florida.

4 So. (2nd) 700

En Banc

Opinion Filed November 21, 1941

M. S. McGregor, for Petitioner;

J. Tom Watson, Attorney General, and Fred M. Burns, Assistant Attorney General, for Respondent.

CHAPMAN, J.—The record here discloses that Mose Watson was found guilty of the violation of Sec. 7202 C. G. L. by the Circuit Court of Volusia County, Florida, on an agreed statement of facts, viz:

"Mose Watson, not being a Sheriff, or any other officer within the exceptions of Section 7202 C. G. L. Fla. 1927, at about 3:00 A. M. on February 10th, 1941, while riding on the right front seat of an automobile which he then and there owned and controlled, which automobile was then and there being driven along a street in the Town of Holly Hill, in the 8th Justice of the Peace District of Volusia County, Florida, did have a pistol belonging to him in the glove pocket attached to the inside of the dash of said automobile, immediately in front of the seat which he occupied,

where it was readily accessible to him, without having a license to carry said pistol around with him as required by Section 7202 C. G. L. Fla. 1927."

The question presented for decision is whether or not Mose Watson, from the agreed statement of facts, is guilty of the violation of Sec. 7202 C. G. L., in that he carried around with him or had in his manual possession the pistol without first obtaining a license. The statute *supra* was enacted in 1893 and amended in 1901.

This is a case of original jurisdiction. It is fundamental that a writ of habeas corpus cannot be used as a substitute for a writ of error, appeal or petition for writ of certiorari. Neither can it be used as a remedy for relief against imprisonment under a warrant or indictment that charges a criminal offense defectively or inartificially. It is settled that a person held in confinement under a state of facts which constitutes no offense under the law is held unlawfully and may be discharged from such confinement on writ of habeas corpus. See McLeod v. Chase, 95 Fla. 376a, 116 So. 859; Brown v. Watson, 116 Fla. 56, 156 So. 327; McCreary v. State, *ex rel.* Garrison, 124 Fla. 330, 168 So. 422.

Rules for the construction of statutes are recognized by this Court. Penal laws should be strictly construed and those in favor of the accused should receive a liberal construction. See Sanford v. State, 75 Fla. 393, 78 So. 340. In the construction of penal statutes, if there is any doubt as to its meaning, the Court should resolve the doubt in favor of the citizen. See State, *ex rel.* Cherry v. Davidson, 103 Fla. 954, 139 So. 177. Any doubt or ambiguity in the provisions of criminal statutes are to be construed in favor of the

citizen, life and liberty. See City of Leesburg v. Ware, 113 Fla. 760, 153 So. 87. Statutes prescribing punishment and penalties should not be extended further than their terms reasonably justify. See Snowden v. Brown, 60 Fla. 212, 53 So. 548. If doubt exists as to the construction of a penal statute, it is the duty of the court to resolve such doubt in favor of the citizen and against the State. Accused must be plainly and unmistakably within the criminal statute to justify conviction. See Rogers v. Cunningham, 117 Fla. 760, 158 So. 430. The statute before us was enacted prior to the advent of automobiles and it cannot be said that the Legislature intended by its enactment to make unlawful the carrying of a pistol in the pocket of an automobile, as set out in the agreed statement of facts.

The statute makes it unlawful for persons without first obtaining a license therefor: (a) to carry around with him a pistol, Winchester rifle or other repeating rifle: (b) or to have a pistol, Winchester rifle or other repeating rifle in his manual possession. Was the pistol while in the dash drawer of the automobile when being driven by the petitioner in his manual possession, or did he under the aforesaid circumstances carry it around with him within the meaning of the statute? It is not contended that he had a license "to carry the pistol around with him" or "to have the pistol in his manual possession."

Section 20 of the Declaration of Rights of the Constitution of Florida provides that "the right of the people to bear arms in defense of themselves . . . shall not be infringed but the Legislature may prescribe the manner in which they are borne." See State, *ex rel.* Russo v. Parker, 57 Fla. 170, 49 So. 124;

Carlton v. State, 63 Fla. 1, 58 So. 486. The Legislature has the constitutional power to enact laws regulating the carrying of weapons. See 68 C. J. page 80, pars. 4 and 5.

This is a case of first impression and, it is necessary to consider and examine cases of other jurisdictions having similar statutes. We find two rules of construction: (a) a weapon is carried *on or about the person* when it is in a motor vehicle in which the defendant is riding and the weapon is within his possession and control. This rule is applicable when the weapon is on, under, or behind the seat or cushion, the door, side, floor or pocket of the automobile. (b) The other rule is that the weapon is not carried *on* or *about the person* when it is under the seat, cushion, door, side floor, or pocket of the automobile. See 68 C. J. 35 par. 26.

The Supreme Court of Louisiana recognized the rules in Brunson v. State, 162 La. 902, 111 So. 321, 50 A. L. R. 1531. The distinction in the two rules turns on the meaning of the words "on or about the person" in the State of Tennessee, Missouri, North Carolina and Texas, and the Federal Courts and others hold that the words "on" and "about" in the expression "on or about the person" to mean: "on" means "attached to" and "about" means "in close proximity to or in easy reach of." The Courts of the States of Alabama, Virginia, Kentucky, Georgia, South Carolina and other jurisdictions hold that the words "on or about" in the expression "on or about the person" are synonymous terms and refer to the person and not the automobile.

Scrutiny of these several statutes disclose a dissimilarity to Sec. 7202 C.G.L. in the expression "carrying a

*pistol* around with him or having a *pistol* in his manual possession," which said section makes unlawful. The burden of proof was on the State to show that the petitioner carried a pistol on his person around with him, or to establish that he had a *pistol* in his manual possession. The absence of the words "on" and "about" from Sec. 7202, *supra,* clearly, distinctly and undisputably distinguishes it from statutes of other jurisdictions making it unlawful for the weapon of the defendant to be on, under or behind the seat, cushion, door, side floor or pockets of an automobile. When a pistol is in the pocket of an automobile, both owned by the driver, it cannot be said that it is in the *personal* manual possession of the owner, and especially is this true in the light of the holding of this Court in the case of Rogers v. Cunningham, *supra,* to the effect that the accused must be plainly and unmistakably brought within the statute to justify a conviction.

In the case of City of Leesburg v. Ware, 113 Fla. 760, 153 So. 87, the Court considered, among other things, a criminal statute (being Sec. 7472 C. G. L.) and in part said:

"It appears that there was no suspicion of fraud in the transaction; that Mr. Ware acted for the trustees, if not at their express request, certainly by implied permission, and in the best of good faith and in the interest of the fund because he deemed it prudent in view of the precarious condition of the times to remove the money from the bank and invest it in municipal bonds authorized by the legislative enactment to be issued.

"Section 7472, C. G. L., 1927,, does not apply. The bonds purchased by the trustees were neither supplies,

goods nor materials. In the first place it is a criminal statute and should be construed strictly. Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 South Rep. 595.

"Nothing should be regarded as included within its meaning that is not within its letter and spirit. If there is doubt or ambiguity in its provisions leaving a doubt as to their meaning the provisions are to be construed in favor of life and liberty. Snowden v. Brown, 60 Fla. 212, 53 South Rep. 548; Sanford v. State, 75 Fla. 393, 78 South 340; Texas Co. v. Amos, 77 Fla. 327, 81 South. Rep. 471."

The rule of construction of penal statutes approved by this Court in the case of City of Leesburg v. Ware, *supra,* is in accord with the United States Supreme Court as expressed in Bolles v. Outing Company, 175 U. S. 262, 20 Sup. Ct. 94, 44 L. Ed. 156, when it said:

"The statute, then, being penal, must be construed with such strictness as to carefully safeguard the rights of the defendant and at the same time preserve the obvious intention of the legislature. If the language be plain, it will be construed as it reads, and the words of the statute given their full meaning; if ambiguous, the court will lean more strongly in favor of the defendant than it would if the statute were remedial. In both cases it will endeavor to effect substantial justice. United States v. Hartwell, 6 Wall. 385; United States v. Wiltberger, 5 Wheat. 76, 95; American Fur Co. v. United States, 2 Pet. 358; United States v. Reese, 92 U. S. 214."

The business men, tourists, commercial travelers, professional men on night calls, unprotected women and children in cars on the highways day and night, State and County officials, and all law abiding citizens

fully appreciate the sense of security afforded by the knowledge of the existence of a pistol in the pocket of an automobile in which they are traveling. It cannot be said that it is placed in the car or automobile for unlawful purposes, but on the other hand it was placed therein exclusively for defensive or protective purposes. These people, in the opinion of the writer, should not be branded as criminals in their effort of self preservation and protection, but should be recognized and accorded the full rights of free and independent American citizens. The statute, *supra*, was enacted prior to the advent of the automobile and several sessions of the Florida Legislature have since intervened without modifying, amending or altering the Act thereby making it unlawful to carry in an automobile firearms, and the rule of strict construction applicable to penal statutes precludes or fails to bring the petitioner within the spirit or letter of the statute and for this reason he should be discharged.

The petitioner is hereby discharged.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.

BUFORD, J., concurs specially in judgment of discharge.

TERRELL, and THOMAS, J. J., dissent.

BUFORD, J., concurring specially—I concur in the judgment discharging the Relator because I think that Section 5100 R. G. S., 7202, C. G. L., is unconstitutional because it offends against the Second Amendment to the Constitution of the United States and Sec. 20 of the Declaration of Rights of the Constitution of Florida.

Proceedings in habeas corpus will lie for the discharge of one who is held in custody under a charge

based on an unconstitutional statute. Lewis v. Nelson, 62 Fla. 71, 56 Sou. 436; Cooper v. Lipscombe, 97 Fla. 668, 122 Sou. 5; Coleman v. State, 140 Fla. 772, 193 Sou. 84.

The statute, *supra*, does not attempt to prescribe the manner in which arms may be borne but definitely infringes on the right of the citizen to bear arms as guaranteed to him under Sec. 20 of the Declaration of Rights of the Florida Constitution.

I know something of the history of this legislation. The original Act of 1893 was passed when there was a great influx of negro laborers in this State drawn here for the purpose of working in turpentine and lumber camps. The same condition existed when the Act was amended in 1901 and the Act was passed for the purpose of disarming the negro laborers and to thereby reduce the unlawful homicides that were prevalent in turpentine and saw-mill camps and to give the white citizens in sparsely settled areas a better feeling of security. The statute was never intended to be applied to the white population and in practice has never been so applied. We have no statistics available, but it is a safe guess to assume that more than 80% of the white men living in the rural sections of Florida have violated this statute. It is also a safe guess to say that not more than 5% of the men in Florida who own pistols and repeating rifles have ever applied to the Board of County Commissioners for a permit to have the same in their possession and there has never been, within my knowledge, any effort to enforce the provisions of this statute as to white people, because it has been generally conceded to be in contravention to the Constitution and non-enforceable if contested.

TERRELL, J., dissenting.—The majority opinion by Mr. Justice CHAPMAN, concurred in by Mr. Justice BUFORD, as I read it, is predicated on the interpretation of Sec. 7202, Comp. Gen. Laws of 1927, in the light of Sec. 20, Declaration of Rights, Constitution of Florida, and the Second Amendment to the Federal Constitution. Said statute in effect requires that all persons who desire to carry a pistol or repeating rifle shall secure a license from the County Commissioners.

The Supreme Court of the United States has repeatedly held that the right to bear arms existed long before the adoption of the Federal Constitution, that it was not granted by nor was it in any manner dependent on that instrument for its existence. All the Second Amendment means is that the right to bear arms shall not be infringed by Congress. United States v. Cruikshank, 92 U. S. 588, 23 L. Ed. 592; Presser v. State of Illinois, 116 U. S. 252, 6 Sup. Ct. 580, 29 L. Ed. 615; Miller v. Texas, 153 U. S. 535, 14 S. C. 874, 38 L. Ed. 812. No act of Congress is brought in question so the Second Amendment to the Federal Constitution has no place whatever in this controversy. It would be just as appropriate to bring in the law of gravitation.

Section 20, Declaration of Rights, Constitution of Florida grants to the people the right to bear arms in defense of themselves and the lawful authority of the State but provides that the "legislature may prescribe the manner in which they may be borne." I do not think the statute brought in question has any reference to Sec. 20 of the Declaration of Rights but if so, it does nothing more than require a license or permit to carry a pistol and certainly that is not an unreasonable regulation.

Sec. 20 of the Declaration of Rights was intended to give the people the means of protecting themselves against oppression and public outrage and was not designed as a shield for the individual outlaw, "pistol toter," and irresponsible man who. is prone to load his stomach with liquor and rum, his pockets with pistols and his automobile with machine guns and make himself a nuisance to society. Carlton, *et al.* v. State, 63 Fla. 1, 58 So. 486.

Constitutional validity should not be adjudicated if the question raised can be disposed of on any other theory. State v. Parker, 57 Fla. 170, 49 So. 124. The Constitutional validity of acts similar to this have been repeatedly upheld by the courts of this country. Wharton's Criminal Law, Vol. 3, page 2071, Eleventh Edition, citing many cases. The statute in question has been on the books for fifty years and has served a good purpose. It was designed to put a stop to "pistol toting" by irresponsible characters floating about the country in search of a pretext to shoot some one. No responsible person ever had any trouble to give the bond required. To hold that the act is invalid or that it does not apply to a pistol in the pocket of an automobile where it is just as accessible as it is in the hip pocket is weaving technical distinctions so fine that the law becomes an object of ridicule and a shield to protect the very class it was intended to punish.

It has been repeatedly held that a pistol may be considered as concealed on or about the person if carried under the seat, pushed down behind the cushion, placed in the pocket inside the left front door or carried in a satchel on the floor of the automobile. Brown v. United States, 30 Fed. (2nd) 474; Porallo

v. State, 121 Ohio St. 280, 168 N. E. 135; Schraeder v. State, 28 Tex Crim. App. 66, 188 S. W. 1001; Mularky v. State, 201 Wis. 429, 230 N. W. 76; Spears v. State, 112 Tex. Crim. Rep. 506, 17 S. W. (2nd) 809; Welch v. State, 97 Tex. Crim. Rep. 617, 262 S. W. 485; Armstrong v. State, 98 Tex. Crim. Rep. 335, 265 S. W. 701.

I therefore dissent and think the petitioner should be remanded.