QUESTIONS: 1. What facts must be established to prove the element of installation under s. 843.16, F.S.? 2. Does a violation of s.843.16, F.S., occur when the holder of a valid amateur radio operator license installs in his place of business radio equipment as contemplated by the statute with the volume turned high enough so that customers can listen to official police communications? 3. Is a holder of an appropriate license from the F.C.C. authorized to install the type of receiving set contemplated in more than one business location or vehicle under a single license, or must a separate license be obtained for each business or each vehicle?
SUMMARY: Under s. 843.16, F.S., the word "install" as used in the statute, applies to a vehicular installation when the unit is connected to and dependent upon the electrical power system of the vehicle; and the unit is connected to an external antenna capable of receiving police broadcasts. A holder of a valid amateur radio operator's license issued by the Federal Communications Commission does not violate this statute when he is using equipment contemplated in the statute installed in his business establishment with the volume turned high enough so that his customers can hear the broadcasts. Under the rules and regulations of the Federal Communications Commission, a licensed operator is not required to secure a separate license for each business or vehicular installation. The pertinent provisions of s. 843.16, F. S., read: No person, firm or corporation shall install in any motor vehicle or business establishment, except emergency vehicles as herein defined, or places established by municipal, county, state, or federal authority for governmental purposes, any frequency modulation radio receiving equipment so adjusted or tuned as to receive messages or signals on frequencies assigned by the federal communications commission to police or law enforcement officers of any city or county of the state or to the state or any of its agencies. In regard to question 1, my legal research reveals no specific judicial interpretation relative to the meaning of "installation" as used in the statute. Webster's New Collegiate Dictionary generally defines the word "install" as "to establish in an indicated place, condition, or status; to set up for use or service." [Page] 598 (1st ed. 1973). I have reviewed many similar constructions of the word and perhaps that which is most applicable to this issue is the one given me by an engineer of seventeen years' experience with the Federal Communications Commission. His technical assessment of radio installation would be one which requires the particular unit — whether receiver, transmitter, or transceiver — to be connected to a power source and have need of an external antenna capable of rendering the unit functional. Borrowing from his expertise, I would be of the opinion that the elements of installation as contemplated by the statute would be present in a motor vehicle when: The radio unit is in some way connected to and dependent upon the vehicle's electrical power system; and the radio unit is connected to an independent and external antenna capable of receiving the broadcasts of law enforcement agencies. As to the installation of such equipment in a business establishment, the above-mentioned requirements would likewise apply except that the connection to a power source could be accomplished merely by plugging the unit into an electrical wall outlet. In regard to question 2, the statute is obviously silent as to the circumstances which you describe. In fact, subsection 843.16(3), F.S., specifically exempts application of the statute to holders of a valid amateur radio operator or station license issued by the Federal Communications Commission. Generally speaking, the enactment, being a criminal statute, must be strictly construed. Watson v. Stone, 4 So.2d 700 (Fla. 1941). Being bound by a narrow construction, I would be of the opinion that in the situation embraced in your question, a violation of this statute would not occur since in order to run afoul of its provisions one would have to: Install the equipment and tune it to the police broadcasts. In this particular situation the owner, having a valid license, is exempt from its application, and those customers merely hearing the broadcast have neither installed the equipment nor tuned it to the prohibited frequencies. Accordingly, your question is answered in the negative. In regard to question 3, I have been advised by the Federal Communications Commission that a holder of a valid amateur radio operator license need not, under federal rules and regulations, secure a separate license for each installation of a radio unit.