325 So.2d 55 (1976)
The STATE of Florida, Appellant,
v.
Tommy Lee BUTLER, Appellee.
No. 74-1790.
District Court of Appeal of Florida, Third District.
January 13, 1976.
Rehearing Denied February 4, 1976.
Richard E. Gerstein, State Atty., and John Lipinski, Asst. State Atty., for appellant.
Kessler & Jasinski, South Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
The State has appealed an order dismissing an information charging the defendant with carrying a concealed firearm in violation of Fla. Stat. § 790.01. The dismissal was entered upon a sworn motion filed pursuant to CrPR 3.190(c)(4), which provides for dismissal where: "There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." The State has not challenged the applicability of the procedure employed but has presented a single point:
"Whether the trial court erred in dismissing a charge of carrying a concealed firearm upon the finding that a gun contained in a closed but unlocked center console within arm's reach of the defendant did not violate the provisions of 790.05, Florida Statutes."
The trial judge has set forth his conclusions of law:
"... the Court is apprised of the opinion of the Attorney General, (Op. Atty.Gen. 070-161, May 2, 1972), in that, that opinion, holds that a pistol contained in a closed glove compartment does not violate Florida Statute 790.05 unless the pistol is in close proximity to the driver of said automobile. The Court further determines that there is no distinction between a closed glove compartment and a closed center console and the Court finds that a pistol contained in a closed, but unlocked console, is securely encased and that there is little or no difference in the accessibility of the firearm *56 in either location, thus leaving the decision of arrest to the opinion of the police officers, ..."
The judge has given two grounds for his holding. The first is that a pistol in a closed center console is not in close proximity to, or in easy reach of, the driver. See Watson v. Stone, Fla. 1941, 4 So.2d 700. The second ground is that a pistol in a closed center console is securely encased and, therefore, exempt from the concealed firearm category. See Fla. Stat. § 790.25(3), which provides:
"The provisions of §§ 790.05 and 790.06 shall not apply in the following instances... .:
* * * * * *
(l) Any person traveling by private conveyance when the weapon is securely encased, ..."
We should examine these grounds in the inverse order because if the weapon is "securely encased," it is exempt and there is no need to determine whether the weapon is in "close proximity of the driver." Encased is simple in meaning. The prefix "en-" means "in." The principal word "case" means an enclosed container. Gun cases are well known articles. We think that we should give to the words of the statute their ordinary meaning and should apply the statute in a straight-forward, literal manner. See Merrill Lynch, Pierce, Fenner & Smith, and Pritchard v. Byrne, Fla.App. 1975, 320 So.2d 436 (released Sept. 23, 1975). We, therefore, hold that a gun placed in an unlocked receptacle which is a part of the automobile is not "securely encased."
We are mindful of the decision in State v. Hanigan, Fla.App. 1975, 312 So.2d 785. This recent decision of the Court of Appeal, Second District, holds that a revolver in a holster with the leather strap snapped over the hammer is so securely encased as to be exempt. That holding may be distinguished from our own, however, on the basis that the nature, proportions, and securing devices of the "encasements" involved here and in the Hanigan case are appreciably different. Nevertheless, we confess to a conflict in the reasoning applied in the two cases, in that we understand the court in Hanigan to reason that the same rationale which exempts a person in his home from a charge of carrying a concealed firearm also exempts a person who carries a concealed firearm in his vehicle. We differ upon this basis in that we apply a strict construction to § 790.25(3)(l), the exemption section. We concur fully in the conclusion of our sister court that the problem of a clarification of the circumstances in which a person may legally handle firearms is a pressing one for the legislature.
Turning now to the apparent holding of the trial judge that a pistol in a closed center console of an automobile is not "in close proximity to, ... [the driver] ... or within his easy reach,'" it is our conclusion that the decided cases in this state clearly hold that such a gun is concealed on or about the person for the purposes of the statute. See Watson v. Stone, Fla. 1941, 4 So.2d 700; Lawson v. State, Fla.App. 1971, 251 So.2d 683; State v. Hanigan, Fla.App. 1975, 312 So.2d 785.
Accordingly, the order dismissing the information is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.
[1] Attorney General Opinion, 072-161, May 2, 1972.
HAVERFIELD, Judge (dissenting).
I am constrained to dissent.
An analysis of the majority opinion seems to say that if the defendant's pistol was in a gun case by his side rather than in the closed center console, then he would be exempt from the provisions of §§ 790.05, 790.06, Fla. Stat. I find this reasoning difficult to follow.
*57 I agree that the words[1] of § 790.25(3) (l), Fla. Stat. should be given their ordinary meaning and conclude that defendant's pistol in the closed center console was securely encased. Cf. State v. Hanigan, Fla. 1975, 312 So.2d 785 and see 1972 Fla.Atty. Gen.Ann.Rep. 265.
I, therefore, would affirm the order of dismissal.
NOTES
[1] The Oxford Universal Dictionary (1955 ed.) defines the word "encase (or incase": "... to put into or enclose within a case... to overlay, surround, hem in; ... to conver, invest ..."