PER CURIAM.
Defendant appeals an order denying his motion to set aside judgment for want of jurisdiction and for relief under RCP 1.540 (b).
Marie Krukowski alleged that on September 19, 1968 she was operating a vehicle which collided or nearly collided with the vehicle of the defendant Kenneth Moline, appellant herein. Marie followed Kenneth to his home and accused him of causing the incident. During this confrontation, defendant allegedly cursed Marie, threatened her with clenched fists and brandished a large carving knife.
Subsequently, Marie and her minor daughter Lynn sued the defendant for damages for injuries arising out'of defendant’s negligence giving rise to the incident. Plaintiff Marie Krukowski also prayed for compensatory and punitive damages for assault as a result of the defendant’s conduct during their confrontation outside his house. Prior to receiving process, defendant, a Delta Airlines pilot, moved to Dallas, Texas. Subsequently, plaintiffs, alleging that defendant had become a non-resident, served the Secretary of State pursuant to §§ 48.161,[1] 48.171, Fla.Stat., and notice of *24 service and a copy of process was sent by certified mail-return receipt requested to defendant’s Dallas address. The letter was returned with the notation “lady refused to sign” (presumably, the defendant’s wife). Eventually a default judgment was entered against the defendant and after a jury trial on the issue of damages, plaintiffs received a judgment for the total sum of $17,000 in compensatory and punitive damages. However, there was no finding as to what portion of the money judgment was attributed to the negligence count and what portion was for the assault count. Plaintiffs then obtained a writ of garnishment against defendant’s employer whereupon defendant, becoming aware of the judgment filed a motion to set aside judgment for want of jurisdiction and for relief under RCP 1.540(b). This motion was denied and defendant appeals.
Defendant first contends that he could not be served for the assault count under § 48.171, Fla.Stat., the automobile long-arm statute. We' find this point well taken.
§ 48.171, Fla.Stat. relied upon by the plaintiffs to obtain service of process reads as follows:
“48.171 Service on nonresident motor vehicle owners, etc.
“Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the law of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his knowledge, permission, acquiescence or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his servants, agents, or employees, or by persons with his knowledge, acquiescence and consent within the state constitutes the secretary of state his agent for the service of process in any civil action begun in the courts of the state against such operator or owner, lessee or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.” [Emphasis Supplied]
Statutes like § 48.171, providing for substituted service, must be construed strictly and further must be given their plain and obvious meaning. See Fleischman v. Morris, Fla.App. 1972, 260 So.2d 278 and State v. Butler, Fla.App. 1976, 325 So.2d 55.
We conclude that the assault in the instant case, which did not involve the use of the motor vehicle or take place at the scene of the alleged collision or near collision, cannot be said to be an action arising out of any accident or collision and, therefore, not within the purview of § 48.171, Fla.Stat. See Annot. 73 A.L.R.2d 1351, 1367 (1960). Thus, we find that service of process on the Secretary of State with respect to the assault count was void, and the trial court having failed to obtain jurisdiction, the motion to set aside the judgment as to this count should have been granted.
We also considered appellant’s second point on appeal, that plaintiffs failed to comply with the requirements of § 48.161, Fla.Stat. regarding the negligence count, and find it to be without merit.
The jury having awarded plaintiffs a total of $17,000 in compensatory and punitive damages with no indication as to what portion of this aggregate sum is attributable to the negligence count and what to the assault count, we vacate the final judgment and remand the cause to the *25 trial court with directions to hold a new trial on the issue of compensatory damages only on the negligence count.
Reversed and remanded with directions.

. “48.161 Method of substituted service on nonresident
“(1) When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $5.00 with the public officer or in his office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant’s return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer’s return showing service shall be filed on or before the return day of the process or within such time a? the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he prevails in the action. The public officer shall keep a record of all process served on him showing the day and hour of service.”