C. M. HARPER, State Motor Vehicle License Inspector, and
B. F. MIZELL, Motor Vehicle Commissioner, v. H. ENG-
LAND.

168 So. 403.
Division B.
Opinion Filed May 18, 1936.

*Wm. McChesney* and *Philip D. Beall,* for Appellants;
*Coe & McLane,* for Appellee.

Buford, J.,—The appeal brings for review final decree enjoining Harper as Motor Vehicle License Inspector and Mizell as Motor Vehicle Commissioner of the State of Florida, their agents and subordinates, from arresting, molesting or in any way interfering with the operation of the motor vehicle described in the bill of complaint, as follows:

"International one and one-half ton truck, model of 1933, registered in the State of Alabama and bearing license No. 5-846-H-2 for the year 1935, and International one and one-half ton truck, model of 1934, registered in the State of Alabama and bearing license No. 5-847-H-2 for the year 1935, by reason of said trucks not bearing Florida registration tags, so long as the same shall not be operated for hire in the State of Florida and so long as they shall be owned by the plaintiff and he shall remain as at present a non-resident of said State, and so long as said plaintiff shall not accept employment or engage in any trade, profession or occupation within said State of Florida, and that each party do pay its own costs."

The appellants sought to require the appellee to register the motor vehicles under the laws of the State of Florida.

The record shows that the appellee was engaged in the business of cutting certain logs and poles in the State of Alabama and delivering them to customers in Alabama, and also delivering such poles and logs to Pensacola Creosoting Company at Pensacola, Florida, and in delivering such poles and logs to Pensacola Creosoting Company at Pensacola, Florida, he used certain public highways of the State of Florida over which to transport his poles and logs to the place where he sold them in Pensacola, Florida.

The stipulation of facts which was agreed to to obviate the necessity of taking testimony was as follows:

"That plaintiff is a *bona fide* resident of the State of Ala-

bama and was possessed at all times mentioned in the bill
of complaint of the two International one-half ton trucks
described in paragraph two (2) of the bill and that said
plaintiff had complied with the law of the state of his resi-
dence relative to said motor vehicles and the operation
thereof and conspicuously displayed at all times thereon
his registration numbers as required by the laws of the State
of Alabama. That in the months of March, April, May
and June, 1935, his principal business was producing poles
and piling from timber purchased by him upon the stump
in the State of Alabama, and that plaintiff cut only his own
stumpage, and all of which he transported or sold was cut
by himself and that he was not at any of said times engaged
in transporting the property of others for hire or other-
wise; that in the months of March, April, May and June of
1935 he made an average of twenty trips per month from
points in the State of Alabama to Pensacola, Florida, trans-
porting poles and piling to the Pensacola Creosoting Com-
pany, which is situate at Pensacola, Florida, and in the
month of May he made approximately twenty-five trips in
delivering to the Frisco Railroad in Escambia County,
Florida, forest products cut in Baldwin County, Alabama,
which were shipped by said railroad to the Wood Pre-
servers Corporation of Montgomery, Alabama. That all
of said forest products were cut pursuant to orders received
prior to their hauling and delivery and were delivered as a
part of a continuous transportation in Interstate Commerce
from the State of Alabama to the State of Florida pursuant
to such previous orders, the number of piling delivered in
the four months last mentioned to Pensacola Creosoting
Company being approximately two hundred fifty (250) per
month and said deliveries being made by the trucks of the
plaintiff above referred to, operated by his employees. That

no funds were advanced to the plaintiff by the purchasers of said products in advance of the delivery, the same being sold and shipped on a basis of thirty days net cash and were paid for after delivery. That said trucks were used in Florida for the purpose of the deliveries aforesaid and for no other purpose in said State, although used generally for like purposes in Alabama.

"That plaintiff's said motor vehicles were not registered in the State of Florida and that except as above set out plaintiff did not at any time before the institution of this suit nor since accept employment or engage in any trade, profession or occupation within the State of Florida. That prior to the institution of this suit plaintiff's trucks were stopped on several occasions and inspected by representatives of the defendant George H. Wilder, amongst other such representatives being the defendant C. M. Harper, and said defendants threatened and intended prior to the institution of this suit to cause the arrest, imprisonment and detention of the plaintiff's employees operating said trucks were made known and communicated to the plaintiff and his drivers, and that the result of such threatened arrest and detention would necessarily be to force the payment of registration fees by the plaintiff upon the said trucks to the State of Florida or the disruption and breaking up of his business of delivering poles and pilings in interstate commerce to Pensacola Creosoting Company in Escambia County, Florida. That plaintiff was engaged in like business of producing, transporting and delivering poles and piling to customers in the State of Alabama as well as to Pensacola Creosoting Company at Pensacola, Florida, and that such delivering to said Pensacola Creosoting Company in the State of Florida did not constitute the major portion of his business.

"That on each of the trips made by plaintiff's trucks as

heretofore set out, in addition to the distance traveled in Alabama, said trucks traveled the distance from the Florida-Alabama State line on leaving Alabama, to Pensacola, a distance of about twenty miles, over the paved highways of Florida, and a like distance returning to Alabama; and also from the city limits of the City of Pensacola to the point of delivery, over the paved streets of said City.

"Plaintiff's best judgment is that the average cost to him of transportation of piling and logs as hereinbefore set out during the months of March, April, May and June, 1935, was about one cent per lineal foot, or from $2.00 to $3.00 per load."

Section 1020 R. G. S., 1293 C. G. L., provides as follows:

"REGISTRATION NOT TO APPLY TO NON-RESIDENT. The provisions of the foregoing sections relative to registration and display of registration numbers shall not apply to a motor vehicle owned by a non-resident of this State, other than a foreign corporation doing business in this State; Provided, that the owner thereof shall have complied with the provisions of the law of the foreign Country, State, Territory or Federal district of his residence, relative to motor vehicles and the operation thereof, and shall conspicuously display his registration number as required thereby. But such exemption shall not apply to motor vehicles operated for hire: Provided that Boards of County Commissioners may themselves or in conjunction with municipalities, provide and install scales, or weighing machines. for the purpose of weighing motor vehicles, trailers, or semi-trailers and their loads. (Ch. 7275, Acts 1917, No. 15; Ch. 10182, Acts 1925, No. 6; Ch. 10187, Acts 1925, No. 2; Ch. 12096, Acts 1927, No. 1.)"

Sec. 17 of Chapter 16085, Laws of 1933, provides as follows:

"The provisions of law authorizing the operation of motor vehicles over the highways of Florida by non-residents of this State when such vehicles shall be duly registered or licensed under the laws of some other State or foreign Country, shall not apply to any non-resident who shall accept employment or engage in any trade, profession or occupation in this State. In every case where a non-resident shall accept employment or engage in any trade, profession or occupation in the State of Florida, such non-resident shall be required to register his motor vehicles in this State if such motor vehicles are proposed to be operated on the highways of the State of Florida."

That the State of Florida may impose a license on motor driven vehicles for the use of its highways by such vehicles, whether the vehicle be owned by a resident or a non-resident of this State, or whether or not it be engaged in interstate commerce, cannot be doubted or successfully questioned at this date. It is a tax imposed for the use of the State highway. See Jackson v. Neff, 64 Fla. 326, 60 Sou. 350; Hendricks v. Maryland, 235 U. S. 625, 59 L. Ed., text 391; Kane v. New Jersey, 242 U. S. 106, 61 Law Ed. 242.

It also appears to be well settled that he who would shelter himself under an exemption clause must clearly show that he is entitled under the law to exemption, and the law is to be strictly construed as against the person claiming the exemption and in favor of the public. 17 R. C. L. 522; Northwest Auto Co. v. Hurlburt, 104 Oregon 298, 207 Pac. 161; Wallace v. Board of Equalization, 47 Oregon 584, 86 Pac. 365. It is also held that under a registration law, such as that we have under consideration, the collection of a fee for registration is the rule and the exemption is the exception to the rule. Therefore, he who claims the exemption bears the burden of establishing his

right to it. 1 Cooley on Taxation, 3rd. Ed., 456; Camas State Co. v. Kozer, 104 Oregon 600, 209 Pac. 95, 25 A. L. R. 27.

So it is that the result in this case must be determined by answering the question whether or not the appellee is shown to come within the exception and, therefore, not required to register and pay the license tax for operating his automobiles on the public highways of the State of Florida. The exception under the terms of Sec. 17, Chapter 16085, does not apply to one who engages in any trade, profession or occupation in this State and it is contended by the appellant that the exception contained in Sec. 17, *supra*, does not apply to the appellee because, the appellee says, that the business of cutting logs in Alabama and selling them and, in the furtherance of the sale, transporting them over the paved highways of Florida to deliver them to purchasers in Florida is exercising the privilege of using the roads of Florida in carying on the business of the appellee.

In Texas Co. v. Amos, 77 Fla. 327, 81 Sou. 471, this Court defined the term "occupation" as follows:

" 'Occupation' as commonly understood signifies the business which one. principally engages in, and 'profession' refers to a character not involved in this case, so that we shall confine our further discussion to the one statutory word 'business' and try to answer the question, what does the statute mean by the word 'business' and does the bill show the complainant not to be engaged in the business of owning or controlling tank cars?

" 'Business' is a word of large significance and denotes the employment or occupation in which a person is engaged to procure a living. Goddard v. Chafee, 2 Allen (Mass.) 395, 79 Am. Dec. 796."

So if we measure the word "occupation" as used in the

statute now under consideration by the definition which we have adopted, and which definition stood as the law of this State when the present Act was passed, we must construe it to be synonymous with the term "conducting business."

It, therefore, follows that the appellee is not relieved of registering his motor vehicles by reason of the exception contained in Sec. 17 of Chapter 16085, *supra,* because it is clear from the stipulation of facts that the appellee was engaged in the business of delivering poles and logs cut in the State of Alabama over the public highways of the State of Florida to the purchasers of such poles and logs in the City of Pensacola; that the business of appellee was that of furnishing logs to a purchaser at Pensacola and that in the carrying on of that business or occupation he moves his logs to the destination and place of sale by means of these motor vehicles over the public highways of Florida.

Certainly it was never the intention of the Legislature to require a person, though non-resident of Florida, to comply with the motor vehicle laws of this State because he procures a temporary job as an artist, an artisan or a laborer and where he does not use the highways for commercial purposes, and at the same time to exempt from the requirements of registration another non-resident who uses the highways over which to operate his motor driven vehicles in carrying on his business to the detriment of the public highways and to profit to himself.

For the reasons stated, the decree should be reversed with directions that the bill of complaint be dismissed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.