## WESTERN AUTO TRANSPORT, Inc. v. REESE, State Treasurer, et al.

No. 6450.   Decided August 4, 1943.   (140 P. 2d 348.)

See 59 C. J., States, sec. 13; 23 Am. Jur., 111.

*Louis H. Callister* and *Ned Warnock*, both of Salt Lake City, for appellant.

*Garfield O. Anderson* and *Grant A. Brown*, both of Salt Lake City, for respondents.

WADE, Justice.

This matter comes before this court on an appeal on the judgment roll from dismissal of appellant's complaint. Appellant had filed a complaint seeking to recover certain registration fees exacted from it by respondents. A general demurrer was sustained by the trial court. Appellant elected not to amend and to stand on the original complaint.

In 1937 the legislature enacted Sections 88 and 89, Chap. 65, Laws of Utah, 1937, which read as follows:

Sec. 88. "A nonresident owner of a foreign vehicle operated within this state for the *transportation* of persons or property for compensation or profit shall register such vehicle and pay the fees therefor required by this act." (Italics added.)

Sec. 89. "Except as herein provided for nonresidents and foreign corporations, the provisions relative to the licensing of vehicles and display of vehicle license number plates and license registration certificates shall not apply to any vehicles owned by nonresidents of this state if the owner thereof has complied with the law requiring the licensing of vehicles in the names of the owners thereof in force in the state, foreign country, territory or federal district of his residence; and the vehicle license number plate showing the initial or abbreviation of the name of such state, foreign country, territory or federal district, is displayed on such vehicle substantially as is provided therefor in this state; provided, that the provisions of this section shall be operative as to a vehicle owned by a nonresident of this state only to the extent that under the laws of the state, foreign country, territory or federal district of his residence, like exemptions and privileges are granted to vehicles duly licensed under the laws of and owned by residents of this state. If under the laws of such state, foreign country, territory or federal district, vehicles owned by residents of this state, operating upon the highways of such state, foreign country, territory or federal district, are required to pay the license fee and carry the vehicle license number plates of such state, foreign country, territory or federal district, the vehicles owned by residents of such state, foreign country, territory or federal district, and operating upon the highways of this state, shall comply with the provisions of this state relating to the licensing of vehicles. *Every nonresident, including any foreign corporation carrying on business within this state and owning and regularly operating in such business any motor vehicle, trailer or semitrailer within this state, shall be required to register each such vehicle and pay the same fees therefor as is required with reference to like vehicles owned by residents of this state.*" (Italics added.)

It is respondents' contention that appellant has failed to state a cause of action because it is apparent from its complaint that it is "carrying on a business" in this state, and that under Sec. 89, Chap. 65, Laws of Utah 1937, it is subject to payment of registration fees even though it is a non-resident or foreign corporation.

Paragraph 3 of appellant's complaint alleges:

"That it has transported and is now transporting on its trailers and semitrailers automobiles to automobile dealers and distributors in the State of Utah. That the Western Auto Transport has complied with the laws regarding the licensing of vehicles in respect to the name of

the owners thereof in force in the State of its residence; and the trucks and semi-trailers have a license number plate showing the initial or abbreviation of the name of such State, and is displayed on such vehicle substantially as is provided therefore in the State of its residence. That the state of its residence has like exemptions and privileges as granted to vehicles duly licensed under the laws of and owned by the residents of the State of Utah."

Paragraph 4 alleges:

"That the State of Utah by and through the defendants of the State Tax Commission and the individual members thereof have entered into reciprocal agreements with all of the States in which this plaintiff has registered its vehicles and secured license plates, allowing any and all vehicles so licensed to operate on the highways of the State of Utah without first procuring a license plate from the State of Utah."

The provisions of Sec. 89, Chap. 65, Laws of Utah 1937, are self-executing and do not provide for any agency of this state to enter into reciprocal agreements with any other state for the use of the highways, and therefore the allegation that reciprocal agreements were entered into between the State Tax Commission and other states in which the appellant is licensed are not material in determining whether a cause of action has been stated. Even had the legislature delegated such a power to the State Tax Commission, it could not have entered into any agreements other than those expressing the legislative intent on the subject. See *Interstate Trucking Co.* v. *Dammann*, 208 Wis. 116, 241 N. W. 625, 82 A. L. R. 1080; *Reeves* v. *Deisenroth*, 288 Ky. 724, 157 S. W. 2d 331, 138 A. L. R. 1493.

It is elementary and needs no citations that in construing statutes the courts take into consideration the intent and purposes of the entire act (in this case the Motor Vehicle Act) and if possible make such construction as will give effect to all sections of the act. Sec. 88, Chap. 65, Laws of Utah 1937, as stated above, provides that:

"A nonresident owner of a foreign vehicle operated within this state for the transportation of persons or property for compensation

or profit shall register such vehicle and pay the fees therefor required by this act."

Appellant in its complaint pleads that it is a corporation existing under and by virtue of the laws of Illinois and that it operates motor vehicles over the highways of the State of Utah for the purpose of transporting automobiles to distributors and others as a "common carrier." Clearly under such a state of facts plaintiff comes within the provisions of Sec. 88, and unless it is exempt under Sec. 89, the complaint fails to state a cause of action. Sec. 89 deals with exemption from the payment of registration fees required under the Motor Vehicle Act for certain nonresidents and foreign corporations who come within the provisions of the section. Nonresidents and foreign corporations who use their vehicles in "carrying on a business" within this state are not however, exempt under the section from paying the required registration fees. The type of business in which appellant is engaged entails a use of the highways of the State of Utah in its performance. Without the use of the highways it could not carry on its business, and when it uses the highways of the State of Utah by operating its vehicles thereon for the purpose of transporting automobiles it is carrying on business within this state for the purposes of the Motor Vehicle Act. The case of *Camas Stage Co.* v. *Kozer,* 104 Or. 600, 209 P. 95, 99, 25 A. L. R. 27, is somewhat similar to the instant case in that it involves the construction of a section of their Motor Vehicle Act which provided for the exemption of the payment of registration fees for non-residents, but excepted foreign corporations doing business in Oregon. The plaintiff in that case was a bus company operating in interstate commerce carrying passengers for hire between the states of Washington and Oregon and sought to restrain the defendant from collecting registration fees for vehicles operated over the highways of Oregon. In deciding that the plaintiff was not entitled to any relief the court said:

"The plaintiff asserts exemption from the payment of the fees established by the act, and avers that it is not doing business in this state within the meaning of section 37 thereof. Plaintiff transacts some substantial part of its ordinary business in Oregon. * * * In the conduct of its business it carries passengers for hire, by motor vehicle, from the state of Washington to Portland, Or. and likewise carries passengers for hire from that point in the state of Oregon over the highways of Oregon to the state of Washington. We hold that plaintiff's claim is without merit." See *Harper et al.* v. *England*, 124 Fla. 296, 168 So. 403.

For the reasons stated appellant failed to state a cause of action in its complaint and the judgment of the district court dismissing the complaint should be and is hereby affirmed. Costs to respondents.

WOLFE, C. J., and LARSON and McDONOUGH, JJ., concur.

MOFFAT, J., dissents.