136 So.2d 354 (1961)
Ray E. GREEN, Comptroller of the State of Florida, Appellant,
v.
SURF CLUB, INC., a Florida Corporation, Appellee.
No. 60-686.
District Court of Appeal of Florida. Third District.
December 7, 1961.
Rehearing Denied January 30, 1962.
Richard W. Ervin, Atty. Gen., and Joseph Nesbitt, Asst. Atty. Gen., for appellant.
*355 Milton M. Ferrell and J.M. Flowers, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
PER CURIAM.
This appeal presents for review a final decree on a stipulated set of facts, enjoining the comptroller from collecting sales taxes from The Surf Club, a non-profit, social organization, upon finding that The Surf Club was not a "business" within the provisions of Ch. 212, Fla. Stat., F.S.A.
The first inquiry is whether or not The Surf Club is an organization "doing business" under the provisions of § 212.02 (9), Fla. Stat., F.S.A., which reads in part as follows:
"`Business' includes any activity engaged in by any person, * * * with the object of gain, benefit, or advantage, either direct or indirect. * * *"
§ 212.02(1), Fla. Stat., F.S.A., reads in part as follows:
"`Person' includes any * * * group or combination acting as a unit * * *".
The chancellor found to be true that the "general nature of the object of Plaintiff, as stated in its Charter, is the establishment and maintenance of a social club not for profit, for the benefit, amusement, recreation, and entertainment of its members. * * * All of the property of Plaintiff is owned by Plaintiff for the exclusive use and benefit of its members. All property of Plaintiff is equitably owned by members of Plaintiff." This, connected with its facilities for group entertainment, certainly is a benefit to the members of the club and is a unit within the definition of "person" under § 212.02(1), Fla. Stat., F.S.A., and the members of this unit receive a "benefit or advantage, either direct or indirect" by being members of the club or unit. Therefore, The Surf Club is an organization governed by the provisions of Ch. 212, Fla. Stat., F.S.A., and as such is required to collect and pay tax provided for therein.
The next inquiry is whether or not The Surf Club is an organization exempt from the provisions of Ch. 212, Fla. Stat., F.S.A. § 212.08(8) (a) exempts certain non-profit religious, educational or charitable institutions "in the course of their customary nonprofit religious, non-profit educational, or nonprofit charitable activities, * * *". The Surf Club is not able to qualify for an exemption as a non-profit organization under the specific limited provision of this exemption statute. This statute is very restrictive in the nature of exemptions granted, and all doubts as to whether or not an organization is included in the exclusion is resolved against the taxpayer in this instance. See: 31 Fla.Jur., Taxation, § 142. Therefore, the statute having failed to include a non-profit social group within the specific exemption, The Surf Club can take no assistance from this section of the Act, in attempting to escape liability for the tax.
The chancellor bottomed his findings that The Surf Club was not subject to the provisions of Ch. 212, Fla. Stat., F.S.A., upon the authority of Green v. Panama City Housing Authority, Fla.App. 1959, 110 So.2d 490; upheld on certiorari by the Supreme Court of Florida, Fla. 1959, 115 So.2d 560. In the cited case, the District Court of Appeal of the First District, held that a public housing authority was a non-profit organization and not within the provisions of Ch. 212, Fla. Stat., F.S.A. If the cited case is controlling the final decree of the chancellor should be affirmed. But, it is the opinion of this court that The Surf Club is not a non-profit organization similar to the non-profit public housing corporation involved in the cited case. Some of the distinctions are: first, that the non-profit corporation in the cited case was a public corporation, whereas the non-profit corporation *356 in the instant case is a private corporation and, second, the statute which created the Public Housing Authority, Ch. 423, Fla. Stat., F.S.A., prohibits the housing authority from earning a profit. There is no such prohibition as to the operation of The Surf Club, as it received its non-profit charter in 1930 prior to the codification of Ch. 617, Fla. Stat., in 1959, F.S.A. Therefore, The Surf Club, coming within the definition of "doing business", § 212.02 (9), and not being exempted under the provisions of § 212.08(8) (a), is liable for the sales tax levied by the comptroller.
The Surf Club, in addition to contending that it was exempt entirely from the provisions of Ch. 212, Fla. Stat., F.S.A., contended that it was not a "retailer" nor a "dealer" as defined in Ch. 212, Fla. Stat., F.S.A., in selling food and beverage to its members. This point is not well-taken. It further urges that even if it be determined to be a "retailer" or a "dealer" no sales tax should be levied on the service charge, which was automatically added to the price of the food or beverage in lieu of a "tip". This contention is well founded, The Surf Club receiving no benefit from this charge. The record reveals that The Surf Club is no more than an instrumentality or a conduit for the collection of gratuities or "tips" for its waiters or service personnel. By agreement with The Surf Club, these employees waive their right to receive gratuities from the patrons whom they serve upon the express provision that the club will collect a fixed percentage of the gross sales price on food and beverage, and remit said percentage monthly to the employees as "a part of their salary or wages.", as a "bonus". There may be situations wherein the collection of a fixed service charge is taxable, such as where the assessment and collection thereof has no relationship to the sums received by the service personnel but is retained by the employer as a portion of the gross proceeds on the sale of food and beverage. The determinative question in each instance should be whether or not the "dealer" receives a benefit from the involuntary charge. If he does, he should be taxed. If he does not, no tax should be levied.
The Surf Club further contended that not only was it without the provisions of Ch. 212, Fla. Stat., F.S.A., but even if a business, as defined therein, it was exempt from collecting the sales tax on the rental of its living units, as it was not engaged in the "business of renting, leasing or letting any living quarters" to its transient or permanent guests, as defined in §§ 212.02 (6), 212.03(1). This point is also without merit. It further urges that even if The Surf Club was within the provisions of § 212.03(1) as a lessor, it had leases on its rental units for terms in excess of six months, and that the tenants had the right to occupy these premises throughout the period and, therefore, no sales tax would be due on the term of the leases in excess of six months, pursuant to the provisions of § 212.03(4). This latter point is well-taken. The stipulated facts in reference to these rental units were as follows: "Any member desiring to occupy and use an apartment of the Plaintiff, is required to enter into a written lease with the Plaintiff covering said apartment and its contents, for a minimum period of three (3) years, paying therefor an annual rental in advance." It did appear from the record that the tenants were not at all times residents in the units, but were out of the State for certain periods of the year. But the chancellor found to be true that the units were at all times exclusively available for the tenants if they had desired to return to Florida. Therefore, it appears that The Surf Club, as the lessor, is liable for the tax on the first six months of the rental period, but is not liable for the tax on the rental for the remaining period of the lease term.
The final decree is reversed and this cause is remanded to the chancellor for further proceedings not inconsistent with this opinion.
Reversed and remanded.