

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 28, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. H- 247

Re: Are "service gratuities"
or tips a part of the sales
price of taxable food and drink
when collected by a restauran
where a group requests to be
billed for the gratuity along w
the other charges and which
gratuity is disbursed by the
restaurant?

Dear Mr. Calvert:

You have submitted two questions to us concerning whether gratuities
or tips are a part of the sales price of taxable food and drinks under the
Limited Sales, Excise and Use Tax Act (1) when billed to and collected from
a function group at its request and then disbursed to the waitresses, etc.,
and (2) when paid directly to waiters and waitresses under circumstances in
which their employer credits the gratuities against a portion of the state or
federal minimum wage requirement.

The Limited Sales, Excise and Use Tax Act is found as Chapter 20, of
Taxation-General, V. T. C. S. The limited sales tax is imposed as a percenta
of "the receipts from the sale at retail of all taxable items. . . ." (Art. 20. 0
"Receipts" as defined, in part, by Art. 20. 01(D) to mean the total price of
retail sales without any deduction for labor or service costs. Art. 20. 01 (L),
in defining "Sales Price, " states in subparagraph (2): "The total amount for
which a taxable item is sold includes all of the following: (a) Any services
which are a part of the sale. "

Our attention has been called to a number of decisions involving the law
of other states: Anders v. State Board of Equalization, 185 P. 2d 883 (Cal. A
1947); Green v. Surf Club, Inc., 136 So. 2d 354 (Fla. App. 1961); Youngstown

Club v. Porterfield, 255 N. E. 2d 262 (Ohio 1970); Towner v. Kosydar, Ohio Bd. of Tax Appeals, May 31, 1972 (CCH- "State Tax Reports - All States", Paragraph 200-526); St. Paul Hilton Hotel Co. v. Commissioner of Taxation, Minnesota Tax Court, August 31, 1972 (CCH "State Tax Reports - All States", Paragraph 200-611).

Taken together, these authorities would seem to establish that, where by agreement or otherwise, the employer benefits from collection of the gratuities, they are to be considered as part of the sales price. An example would be when the employer guaranteed a minimum wage if the tips did not equal it, and thus benefited from whatever tips were collected.

Therefore, we are of the opinion that where the employer merely collects a gratuity and passes it on to the employees, as requested by his customer, he derives no benefit from its collection and the gratuity should not be considered a part of the sales price for fixing the amount of sales tax due. Your first question is answered in the negative.

On the other hand, where all or part of the gratuities are credited by the employer against minimum wages which he is required to pay under state or federal law, the employer derives a very definite benefit and the gratuities should be considered a part of the sales price for purposes of fixing the sales tax. Your second question, therefore, is answered in the affirmative.

## SUMMARY

Whether or not gratuities are to be considered a part of the sales price of taxable food and drink under the Limited Sales, Excise and Use Tax Act depends upon whether the employer derives a benefit from their collection.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee