Mr. Thomas A. Bustin City Attorney City of Clearwater Post Office Box 4748 Clearwater, Florida 33518
Dear Mr. Bustin:
This is in response to your request for an opinion on substantially the following question:
 IS A REAL ESTATE SALESMAN LICENSED AND REGULATED BY THE STATE UNDER CH. 475, F.S., WHO FUNCTIONS UNDER THE DIRECTION, CONTROL OR MANAGEMENT OF A LICENSED REAL ESTATE BROKER AS REQUIRED BY CH. 475, F.S., A PERSON WITHIN THE MEANING OF s 205.042, F.S., SO AS TO BE SUBJECT TO THE OCCUPATIONAL LICENSE TAX AUTHORIZED BY THAT SECTION?
Your question is answered in the affirmative.
The City of Clearwater has an occupational license tax ordinance enacted pursuant to s 205.042, F.S., which the city commission wishes to amend in order to include real estate salesmen as a category of persons who are required to have an occupational license and to pay the tax. You state in your letter that it has been asserted that real estate salespersons are licensed pursuant to Ch. 475, F.S., but must act under the direct supervision and control of a licensed real estate broker, and in this sense it is asserted that the salesperson is `in the nature of an employee of the owner' and thus not a `person' within the meaning of s205.042, F.S. Under the terms of ss 205.042 and 205.043, the nature of the employment relationship between a broker and a real estate salesman, whether it is `in the nature of an employee,' is not relevant to a determination of your question which presents the issue of whether a municipality has the authority to levy an occupational license tax on real estate salesmen.
Section 205.022(1), F.S., defines a local occupational license as the method by which a local government grants the privilege of engaging in or managing any business, profession or occupation
within its jurisdiction. It does not include or mean regulatory fees or licenses. See, for example, s 205.022(1) which provides that municipal occupational license shall not mean any fees or license paid to any board, commission, or officer for permits, registration, examination, or inspection which, unless otherwise provided by law, `are deemed to be regulatory and in addition to, and not in lieu of, any local occupational license imposed . . . .' The occupational license tax is levied upon the statutorily prescribed privilege engaged in within a particular municipality's jurisdiction. Section 205.042, F.S., authorizing municipalities to levy occupational license taxes, among other things, provides: `The governing body of an incorporated municipality may levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction.' (e.s.) This statute goes on to set forth an enumeration of the conditions under which and persons on whom a municipal occupational license tax may be levied. See, s 205.042(1)-(3), F.S.; and see, s205.043, F.S. (1982 Supp.). Included is any person who maintains a permanent business location or branch office within the municipality for the privilege of engaging in or managing any business, profession or occupation within that municipality's jurisdiction. The occupational license tax law applies to and operates on any person, engaged in any business, profession or occupation who exercises the taxable privilege within a municipality's jurisdiction and is not excepted or exempted from the license tax by the terms of Ch. 205, F.S., or other applicable general law.
The inherent power of the Legislature to impose taxes upon professions, trades, occupations and privileges is limited only by such restrictions as are found in the state or federal constitutions. See generally, 51 Am.Jur.2d License and Permits s 4 (1970); see also, Amos v. Mathews, 126 So. 308, 315 (Fla. 1930) (state as an attribute of sovereignty, possesses the inherent power to impose all taxes not expressly or by clear implication inhibited by state or federal constitutions). Therefore, as a general rule, the power to impose excise, occupational, or other taxes that are in the nature of license or privilege taxes may be exercised on any business, profession, or occupation. See, 53 C.J.S. Licenses ss 4 and 6a. (2) (1948); Amos v. Gunn, 94 So. 615,640 (Fla. 1922). A municipality, on the other hand, like other units of local government, has no inherent power to impose taxes; such taxing power if it exists, must be derived from the state. See, ss 1(a) and 9(a), Art. VII, State Const., s 166.201, F.S.; see also, Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314, 317 (Fla. 1976); Belcher Oil Co. v. Dade County, 271 So.2d 118, 122 (Fla. 1972); and seegenerally, 53 C.J.S. Licenses, ss 9 and 10 (1948). The license taxation power may be delegated by the Legislature to the municipalities by a general law such as Ch. 205, F.S. See, s 9(a), Art. VII, State Const.
The general rule of interpreting license tax laws is that the statute or ordinance must be strictly construed against the taxing authority, see 31 Fla.Jur. Taxation s 60 (1960), but in order to be exempt from the tax, the exemption must be clearly demonstrated by persons subject to the tax. See, Green v. Surf Club, Inc.,136 So.2d 354 (3 D.C.A. Fla., 1961); U.S. Gypsum Co. v. Green,110 So.2d 409 (Fla. 1959); State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958). Section 205.022(7) provides that the terms `[b]usiness,' `profession,' and `occupation' do not include the customary religious, charitable, or educational activities of nonprofit religious, charitable and educational institutions in this state, and goes on to more particularly define and limit such institutions. Although Ch. 205 specifically provides several exemptions from the license tax, apart from those excluded by s 205.022(7), F.S., no exception or exemption is provided for real estate salesmen. Compare, 84 C.J.S. Taxation s 225 (1954) (grant of exemption is never presumed; on the contrary, the presumption is against exception from taxation); and see, 53 C.J.S. Licenses s 31b. (1948) (exemption from license, sales, privilege or occupation, use, or other excise taxes will not be implied or presumed and must be expressed in clear and unambiguous language); Id., s 47 (a person is liable for a license tax imposed on a particular occupation or on the exercise of a particular privilege if such person comes within the terms of the statute or ordinance as being engaged in such business or occupation); seealso, Harper v. England, 168 So. 403 (Fla. 1936).
The word `person' for purposes of Ch. 205 is defined by s205.022(3), F.S., to include any `individual' as well as different types of business entities. Therefore, any individual who maintains a permanent business location within a municipality may be lawfully subject to pay a municipal occupational license tax for the privilege of engaging in any occupation within the jurisdiction of the municipality, unless otherwise exempted or excluded from the license tax, so long as the tax is based upon reasonable classifications and is uniform throughout any class. See, s 205.043(1)(a), F.S. (1982 Supp.). A statutory definition of `business' or `occupation' is not provided and in such instances the rule of interpretation is that where a statute uses words and terms, without specifically defining their meaning such words and terms will be considered to have their plain and ordinary meaning. Milazzo v. State, 377 So.2d 1161 (Fla. 1979); State v. Stewart, 374 So.2d 1381 (Fla. 1979); Gaulden v. Kirk,47 So.2d 567 (Fla. 1950). The Florida Supreme Court stated in Texas Co. v. Amos, 81 So. 471 at 472 (Fla. 1919) that "[o]ccupation', as commonly understood, signifies the business which one principally engages in' and further that "[b]usiness' is a word of large significance, and denotes the employment or occupation in which a person is engaged to procure a living.' See also, Harper v. England, 168 So. 403 at 406 (Fla. 1936). Black's Law Dictionary 1230 (Rev. 4th ed. 1968) defines `occupation' in the sense used here as `[t]hat which principally takes up one's time, thought, and energies; especially, one's regular business or employment; also whatever one follows as the means making a livelihood.' Andcf., AGO 73-25. Real estate salesmen enjoy a special right under legislative grant and engage in a state regulated and licensed occupation and such individuals rendering or performing for and to the public the activities regulated by Ch. 475 who maintain a permanent business location within a municipality fall within the facial purview of the statutory terms of a person engaging in `any business, profession, or occupation' for purposes of Ch. 205, F.S., and the occupational license tax authorized thereunder.
Prior to 1967, real estate salesmen were not required to pay an occupational license tax because of a specific exemption provided for real estate broker's salesmen. See, s 205.52, F.S. (1965); AGO 65-120 (real estate salesman performing duties defined in s475.01, F.S. [1965] in the employ of a registered real estate broker not subject to occupational license tax provided for in s 205.52, F.S., [1965] due to the specific exemption provided for in that section). Section 205.52 (1965) was repealed by Ch. 67-433, Laws of Florida, and replaced with s 205.461, F.S. (1967). Section 205.461(3), F.S., (1967) which continued in force until 1972, provided: `An occupational license shall not be required where a person, although licensed by law under a regulatory statute, is prohibited from engaging in a profession, business or occupation unless under the direct supervision of another person, individual or corporation.' Section 205.461 in turn, was repealed by Ch. 72-306, Laws of Florida, which with certain exceptions not herein material repealed former Ch. 205, F.S., and created a new Ch. 205, F.S. Present Ch. 205, as stated above, contains no exception or exemption from the occupational license tax for real estate salesmen.
It is therefore my opinion, unless and until judicially or legislatively determined otherwise, that a real estate salesman licensed and regulated by the state pursuant to Ch. 475, F.S., as amended, who functions under the direction, control or management of a licensed real estate broker as required by Ch. 475 and performs or renders services for and to investors and the public, is a person within the meaning of s 205.042, F.S., and subject to the occupational licensing tax authorized by s 205.042, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General