Lachman v. Walker, Chief of Police—Syllabus.

---

JOE LACHMAN, PLAINTIFF IN ERROR, v GEORGE WALKER, AS CHIEF OF POLICE, CITY OF TAMPA, DEFENDANT IN ERROR.

1. The power granted to the City of Tampa "to license privileges, businesses * * * and the amounts of such license taxes shall be fixed by city ordinances, which amounts of such taxes shall not be dependent upon the general revenue law," is clearly shown by the context to be a power to impose license taxes for revenue purposes.

2. While grants to municipalities, resulting in public bur-

dens, are to be strictly construed, the construction must nevertheless be sensible and based upon the entire context.

3.  In a habeas corpus proceeding brought to test the reasonableness of a city ordinance fixing a license tax upon dealers in intoxicating liquors at five hundred dollars, the court is not required to take evidence as to the financial needs of the city.

4.  The fact that the license tax imposed by a city upon dealers in intoxicating liquors is higher than the tax upon dealers in other commodities, does not render the tax invalid because discriminative.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*P. O. Knight, Lunsford & Dickenson* and *Macfarlane & McKay,* for Plaintiff in Error,

*E. R. Gunby* and *Wm. Hunter,* for Defendant in Error.

COCKRELL, J.: The City of Tampa passed an ordinance fixing the city license tax to a dealer in spirituous, vinous or malt liquor at five hundred dollars per annum for each place of business. Under a warrant issued out of the Municipal Court of Tampa, Joe Lachman was arrested for engaging and conducting the business of a dealer in such liquors without first having obtained a license there-

for and sought a discharge from the arrest through *habeas corpus* proceedings.

In his amended petition he set forth that he "is informed and believes" the license ordinance is void for the following reasons:

1. Because the City of Tampa has no power to levy a tax of $500 per annum on persons engaged in and conducting the business of dealer in spirituous, vinous and malt liquors.

2. Because said amount of taxes is unreasonable, prohibitive, discriminative and oppressive. The ordinance which is entitled "An ordinance fixing license taxes for the year beginning October 1, A. D. 1906, and for each succeeding year thereafter," is attached to the petition as an exhibit. A motion to quash the writ of *habeas corpus* upon various objections interposed to the amended petition was sustained and the petitioner was remanded to custody, whereupon the writ of error was allowed by the Circuit Judge which is now before us.

The contentions of the plaintiff in error may be fairly confined to two propositions: First, has the City of Tampa power to impose a license tax as a revenue measure, and second, did the Circuit Court err in declining to hear certain evidence offered by the petitioner?

The power of the City Council is derived from the Amended Tampa Charter provided by the Legislature of 1903, being Chapter 5363 of the Laws of Florida. Section 20 of that Chapter reads: "That the City Council shall have power * * * to license privileges, businesses, occupations and professions carried on and engaged in within the city limits, and the amounts of such license taxes shall be fixed by city ordinances, which amounts of

such taxes shall not be dependent upon the general State revenue law," with provisos that the amounts to be charged against certain specified public service corporations shall not exceed specified maximums. Under this it is claimed that the power granted is to "license" merely and not to charge a license tax, and that the city is restricted to charge no more than may be necessary for police regulation, inspection, &c., and is not permitted under this power to provide for itself substantial revenue.

While a strict construction should be applied to the grant of powers to municipalities and especially those which result in public burdens, yet if the power is clearly implied, it should not be impaired by a strict construction. Jacksonville Electric Light Co. v. City of Jacksonville, 36 Fla. 229, 18 South. Rep. 677. A strict construction must yet be a sensible construction and be based upon the entire context. To hold that the power granted is a power to license merely, with no revenue feature, would be to ignore entirely the rest of the sentence wherein the term "license" is clearly shown to involve the broader idea of a "license tax" which is further emphasized by special and added power given to this municipality over others that the amount of such tax shall not be dependent upon the general State *revenue* law. This provision cannot in principle be distinguished from the similar provision in the Jacksonville charter upheld in Canova v. Williams, 41 Fla. 509, 27 South Rep. 30.

The power, then, is in the City Council of Tampa to fix by ordinance a license tax upon dealers in liquors within the municipal limits, and the further question arises is the amount actually fixed so unreasonable, oppressive, prohibitive or discriminative as that the court

was upon *habeas corpus* compelled to hold the ordinance void? Ignoring for the purpose of this case the lack of positive allegation that the ordinance is unreasonable, &c., the petition is yet to be construed by its four corners, in the light of the judicial knowledge the trial court possessed.

Counsel for plaintiff in error candidly admit they are unable to find a case that holds the trial court is required to take testimony to ascertain the reasonableness of an ordinance when tested on *habeas corpus*. It may be that when in doubt the court might take evidence to satisfy its conscience or to enable it to pass more intelligently upon the subject, but the rule probably is that the unreasonableness must appear on the face of the ordinance itself.

However this may be, we do not see how in this case the court was called upon to go into an extended inquiry into the needs of the city government, the economy of its administration, the expense of policing the barrooms and the like. Without its special charter the city would have the power under the general revenue law to charge as a license tax the sum of $250. The State tax is $500 and the county tax $250 in incorporated towns. It may well be that the City of Tampa with its large foreign population and its sudden growth, requires a larger tax not only for policing but also for revenue, a computation and adjudication primarily vested in the City Council and not lightly to be interfered with by the courts in this summary method. While the license tax imposed on dealers in liquors is larger than that imposed upon other dealers, the same discrimination is made in the State revenue law and is not unusual.

There was no issue of fact in this proceeding and no occasion for taking evidence.

Upon the face of the ordinance, the license tax imposed upon dealers in spirituous, vinous or malt liquors does not appear to be unreasonable, oppressive, prohibitive or discriminative in the sense of an unlawful discrimination, and the order remanding the petitioner to custody is affirmed.

SHACKLEFORD, C. J., and TAYLOR, HOCKER and WHITFIELD, JJ., concur.

PARKHILL, J., dissents.