COBB, Judge.
This appeal involves a dispute between the telephone company and the county tax collector as to the legal rate that the county may charge as an occupational license tax. Both parties below, Southern Bell Telephone & Telegraph Company and Ray, as Tax Collector of Seminole County, moved for summary judgment. The trial court agreed with the tax collector’s interpretation of the disputed statute, and entered summary judgment in his favor.
The State of Florida has levied occupational license taxes upon a variety of businesses and occupations since 1891. The state charged telephone companies a license fee of $100 unless the company’s lines were only twenty-five miles or less, in which case its license fee was $25.00. Ch. 4010, § 9(16), Laws of Fla. (1891). In 1913, the State of Florida began taxing individual telephones rather than telephone lines. The state imposed a license tax on telephone systems in the amount of ten cents for the first one thousand phones, eight cents for the second one thousand phones, and six cents for all phones over two thousand. Ch. 6421, § 54, Laws of Fla. (1913). The rate of taxation on telephone systems remained at this amount until 1967. See § 987, Fla.Stat. (1920); § 1260, Fla.Stat. (1927); § 205.57, Fla.Stat. (1965).
In 1967, the rate at which the license tax for telephone systems was computed was raised to fifteen cents for the first one thousand phones, twelve cents on the second one thousand phones, and nine cents for each phone over two thousand. § 205.-512, Fla.Stat. (1967). In 1972, the State of *17 Florida repealed the state’s authority to collect occupational license taxes and enacted a new chapter authorizing county governments to collect such taxes. Ch. 72-306, Laws of Florida (1972). This new legislation prohibited the counties from levying any occupational license tax at a rate greater than that “provided by Chapter 205 in effect for the year beginning October 1, 1971.” § 205.033(l)(b), Fla.Stat. (Supp. 1972).
In 1980, the Florida Legislature amended section 205.033 by adding the following language:
However, beginning October 1, 1980, the county governing body may increase occupational license taxes authorized by Chapter 205. The amount of such increase above the license tax levied on October 1, 1971, may be up to 100% for occupational license taxes which are $100 or less; 50% for occupational license taxes which are between $101 and $300; and 25% for occupational license taxes which are more than $300. Such authority to increase occupational license taxes shall not apply to licenses granted to any utility franchised by the county for which a franchise fee is paid.
§ 205.033(l)(b), Fla.Stat. (Supp.1980). This amendment to the statute took effect on July 1, 1980.
On August 26, 1980, the Seminole Board of County Commissioners passed an ordinance that raised the occupational license tax on telephone systems to twenty-three cents on the first one thousand phones, eighteen cents on the second one thousand phones, and fourteen cents on each phone over two thousand. Seminole County Ordinance No. 80 — 40. The ordinance was to take effect on October 1, 1980.
On October 3, 1980, Southern Bell Telephone and Telegraph Co. filed a complaint for declaratory judgment and injunctive relief against Ray, as Tax Collector of Seminole County. The complaint alleged that the ordinance passed by Seminole County provided for the taxation of telephone systems at a rate higher than that allowed by the newly-amended section 205.033(l)(b), because the license tax paid by Southern Bell Telephone and Telegraph Co. was more than $300 and, therefore, any increase should be limited to 25% under the statute. The tax collector, on the other hand, successfully contended before the trial court that since the 1971 rate for all phones was less than $100 per phone, the statute authorized it to increase the rate per phone by 100% — or, in other words, to double the rate ' per phone in computing the occupational tax.
This is a statutory interpretation issue. Southern Bell argues that the word “tax” as used in section 205.033(l)(b) means “the total amount of tax,” while Ray, as Tax Collector of Seminole County, argues that the word “tax” as used in the statute refers to the “tax rate.”
The principles governing the construction of statutes generally apply in the construction of license tax statutes. City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla.1950). Such statutes are penal in nature and therefore strictly construed against the government. Texas Co. v. Amos, 77 Fla. 327, 81 So. 471 (1919). The construction urged by Southern Bell is sensible[1] and consistent with the plain meaning, as strictly construed, of the 1980 amendment of section 205.033: the term “license tax levied on October 1, 1971” means the amount of such tax rather than the rate of such tax. If the Legislature had intended the amendment to authorize an increase based on existing tax rates of telephone systems in 1971, it would have been a simple matter to have so stated in the amendment. Since the Legislature did not do so, this court should not violate a basic precept of statutory construction to accomplish that end. Based on the 1980 amendment, the rate for the first one thousand phones cannot exceed .1875 cents; the rate for the second one thousand phones cannot exceed fifteen cents; and the rate for phones over two thousand cannot exceed .1125 cents.
*18 Accordingly, the judgment below is reversed and this cause remanded for entry of judgment consistent with this opinion.
DAUKSCH, C. J., and COWART, J., concur.

. Lachman v. Walker, 52 Fla. 297, 42 So. 461 (1906).