LEHAN, Judge.
These two cases were consolidated on appeal. In each, General Telephone Company appeals a summary final judgment in favor of the county in an action brought by General Telephone for a declaratory judgment and partial refund of occupational license taxes paid for the fiscal year 1980-1981. We reverse in both cases.
This decision rests upon an interpretation of section 205.033(l)(b), Florida Statutes (1980 Supp.), which sets out the rates for occupational license taxes. Prior to 1972, the state levied occupational license taxes. When the right to levy these taxes was transferred to the counties in 1972, the legislature provided in section 205.033(l)(b), Florida Statutes (1972 Supp.), that the tax levied by the counties could not be at a rate greater than the rate levied by the state on October 1, 1971. On that date, the occupational license tax on persons operating a telephone system was 15$ per phone for the first 1,000 phones, 12$ per phone on the next 1,000 phones, and 9$ on each phone over 2,000.
The legislature amended section 205.-033(l)(b) in 1980 to allow the counties to increase occupational license taxes beginning on October 1, 1980. The amended statute reads as follows:
No occupational license tax levied hereunder shall be at a rate greater than the rate provided by chapter 205 in effect for the year beginning October 1, 1971; however, for the year beginning October 1, 1980, the county governing body may increase occupational license taxes authorized by chapter 205. The amount of such increase above the license tax levied in October 1, 1971, may be up to 100 percent for occupational license taxes which are $100 or less; 50 percent for occupational license taxes which are between $101 and $300; and 25 percent for occupational license taxes which are more than $300. Such authority to increase occupational license taxes shall not apply to licenses granted to any utility franchised by the county for which a franchise fee is paid.
In 1980, both Pasco County and Hillsbor-ough County amended their occupational license tax ordinances to increase the taxes pursuant to the foregoing 1980 amendment. Hillsborough County’s amended ordinance required payment of 30$ per phone for the first 1,000 phones, 24$ per phone for the next 1,000 phones, and 18$ on each phone over 2,000. Pasco County’s tax became 30$ *279 per phone on the first 500 phones, 24$ per phone on the next'500, and 18$ on each phone over 1,000.
General Telephone contends that the counties can increase the tax by only 25 percent, pursuant to the 1980 amendment to section 205.033(l)(b), because the total tax levied on October 1, 1971, was more than $300. The counties argue that the word “tax” in the 1980 amendment means the tax per phone and that, since the tax per phone was less than $100, the proper increase under the 1980 amendment was 100 percent. General Telephone responds that the tax per phone is the “tax rate,” not the “tax.”
The key to this case is whether the legislature’s basis for the ceilings to be placed upon the 1980 tax increases consisted of the prior total taxes levied on a company, as General Telephone contends, or, on the other hand, the prior tax rate per telephone, as the counties contend. We find General Telephone’s position to be consistent with the legislature’s intent. In the statute, the legislature repeatedly used the words “license tax” relative to that ceiling, as distinguished from the words “reasonable classifications” and “rate” on which the license tax was to be based.
The facts of this case are virtually identical to those in Southern Bell Telephone & Telegraph Co. v. Ray, 402 So.2d 16 (Fla. 5th DCA 1981). We adopt the reasoning of that case.
The construction urged by Southern Bell is sensible and consistent with the plain meaning, as strictly construed, of the 1980 amendment of section 205.033: the term ‘license tax levied on October 1, 1971’ means the amount of such tax rather than the rate of such tax. If the legislature had intended the amendment to authorize an increase based on existing tax rates of telephone systems in 1971, it would have been a simple matter to have so stated in the amendment.
Id. at 17.
Since the time of the Southern Bell decision, the legislature amended section 205.-033(l)(b) to add, “Beginning October 1, 1982, such increase shall not exceed 25 percent for license taxes levied at graduated or per unit rates.” It appears to us that the legislative purpose behind this amendment was to clarify the statute, affirm the construction placed thereon in Southern Bell, and thereby avoid other litigation.
The counties argue that Southern Bell does not address a situation where more than one telephone company is operating in a county, such as in Pasco County. Under the Southern Bell interpretation, a small telephone company could end up paying more tax than a larger company if the smaller company’s 1971 tax was less than $100 and the tax could, therefore, be increased by 100 percent. The counties claim that such a result would violate section 205.033(l)(a), which requires the tax to be based on reasonable classifications and to be uniform throughout any class.
We do not believe that our interpretation of the 1980 amendment compels such an unlawful result. As General Telephone has argued, the percentages set out in the 1980 amendment are maximum allowable increases. The counties can fashion a taxing arrangement under this statute which will not violate section 205.033(l)(a).
Accordingly, the summary judgments for Pasco County and Hillsborough County are reversed, and the cases are remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
OTT, C.J., and BOARDMAN, J., concur.